## BUELL *against* COOK.

Where the plaintiff, in support of a general count for the use and occupation of real estate, offered to prove the acknowledgment of the defendant, that he had hired and occupied the premises, during the period in question, agreeing to pay therefor a certain sum ; and it appeared, that there was, during such period, an outstanding written agreement for a lease of the premises, in the hands of the plaintiff, which, through failure of the event, on the happening of which it was to take effect, never became operative ; it was held, in the absence of evidence to shew that such acknowledgment referred to the written agreement, that the evidence offered was admissible.

But where the occupation of land is founded on a written contract, even though it be defective, the writing must be produced, as being the best evidence.

A new trial having been granted, pursuant to the decision of this Court, 4 *Conn. Rep.* 238. 245. the cause was tried again, at *Litchfield, August* term, 1822, before *Peters* J.

The plaintiff abandoned the first count. In support of the second, he offered parol testimony to prove, that after the 1st of *December,* 1817, and before the commencement of this suit, the defendant acknowledged, that he had hired the county-house, of the plaintiff, and occupied it from the 1st of *December,* 1817, to the 10th of *April,* 1818, and agreed to pay therefor the sum of 250 dollars. It was admitted, by the parties, that the special agreement, recited in the first count, (*a*) was executed by them, and was then out-standing in the hands of the plaintiff, but a majority of the county court had never agreed thereto ; and that such county-house was the property of the county of *Litchfield.* The judge rejected the testimony, and directed the jury to return a verdict for the defendant; which they accordingly did. The plaintiff moved for a new trial, on the ground of a misdirection.

*Bacon* and *P. Miner,* in support of the motion, contended, That notwithstanding a written contract was made regarding the subject matter of the suit ; yet if the writing was, through some defect, inoperative, a general action of *indebitatus assumpsit* for use and occupation will lie, and may be supported by parol evidence. 1 *Swift's Dig.* 416. 576. *Elliott* v. *Thompson,* 4 *Esp. Rep.* 59. *Shove* v. *Webb,* 1 *Term Rep.* 732. *White* v. *Cuyler,* 6 *Term Rep.* 176. *Scurfield v. Gowland,* 6 *East* 241. *Jacob* v. *Lindsay,* 1 *East* 460. *Farr* v. *Price,* 1 *East* 55. 58. *Tyte* v. *Jones,* cited 1 *East,* 58. n. (*a*). *Alves* v. *Hodgson,* 7 *Term Rep.* 241. *Phill. Evid.* 386.

*Benedict* and *J. W. Huntington,* contra, contended, That the parol evidence offered by the plaintiff, was properly rejected.

First, it does not appear but that the hiring, or the agreement to occupy, offered to be proved, was *before,* or *at the time,* of the written agreement; and if so, it was *merged* in the writing.

Secondly, it is a necessary presumption, that the agreement acknowledged, was the one in writing ; and if so, it was the best evidence, because it was in writing. The *King* v. *St. Paul's, Bedford,* 6 *Term Rep.* 452. *Hodges* v. *Drakeford,* 1 *New Rep.* 270. *Doe* d. *Wood* v. *Morris,* 12 *East* 237.

(*a*) See 4 *Conn. Rep.* 238.

Thirdly, the plaintiff could not abandon the express written contract, and recover on an implied one for use and occupation, while such express written contract was open and unrescinded. The rule is familiar and well settled, that where there is an express contract, none can be implied.    1 *Swift's Dig*. 684. *Vandenheuvel* v. *Storrs*, 3 *Conn. Rep.* 203. 208. *Rapelye & al.* v. *Bailey*, 3 *Conn. Rep.* 438. 444. *Shelton & al.* v. *Darling*, 2 *Conn. Rep.* 435. *Robertson* v. *Lynch*, 18 *Johns. Rep.* 451. *Champlin* v. *Butler*, 18 *Johns. Rep.* 169. *Whiting* v. *Sullivan*, 7 *Mass. Rep.* 107. *Payne* v. *Whale*, 7 *East* 274.

HOSMER, Ch. J. The declaration avers, that the defendant used and occupied the premises in question, by the sufferance and permission of the plaintiff, for which he is justly indebted in the sum of 250 dollars. A written agreement for a lease, provided a majority of the county court should agree thereto, was outstanding in the hands of the plaintiff, at the time of the aforesaid occupation, covering the period for which the suit was brought ; to which agreement the court never assented.

In support of his declaration, the plaintiff offered to prove the defendant's acknowledgment, that he had hired the county-house of the plaintiff, and occupied the same, from the 1st day of *December*, 1817, to the 10th day of *April*, 1818, agreeing to pay him therefor 250 dollars. The court rejected the evidence, and directed a verdict for the defendant.

The testimony was repelled on this ground solely, that the hiring acknowledged by the defendant, had exclusive reference to the aforesaid written contract. Unquestionably, if the acknowledgment had relation to the writing above-mentioned, the offered testimony was rightly adjudged to be inadmissible ; for if the occupation of land is founded on a written contract, even though it be defective, the writing must be produced, as being the best evidence. *The King* v. *St. Paul's, Bedford*, 6 *Term Rep.* 452. *Hodges* v. *Drakeford*, 1 *New Rep.* 270. *Doe* d. *Wood* v. *Morris*, 12 *East* 237. The reference of the acknowledgment to the written contract, whether express or tacit, it devolves on the objector to the evidence offered to establish. Without the objection, the evidence was admissible ; and this admissibility was not taken away, unless by the exhibition of proof evincing the fact, that the acknowledgment was founded on the contract in writing. The case, then, is reduced to the sole enquiry, whether it was made to appear by the defendant, that the acknowledgment offered to be proved, alluded exclu-

sively to the written contract before mentioned. There was no evidence from which the court was authorized to deduce this inference. The writing was not expressly referred to; and an implied reference, unless necessarily resulting, cannot be assumed by the court. The agreement in writing gave no permission to enter on and hold the premises, unless upon a previous ratification of it, by the county court; and such ratification has never been made. It is impossible that the defendant should have occupied under a writing destitute of validity, and giving no permission; and hence, it is not to be *presumed*, although it may have been the fact, that the acknowledgment in question had reference to that which was a mere nullity. A distinct agreement may have been made between the parties, subsequent to the execution of the writing, either in waiver of it, or because the county court declined to give it their sanction. Although the plaintiff may have had no right to the premises, yet if the defendant obtained possession, or holds, under the plaintiff, he will not be allowed to impeach his title. *Osgood v. Dewey,* 13 *Johns. Rep.* 240. The argument of the defendant has proceeded on assumed principles, which cannot be supported. He has supposed it devolved on the plaintiff to shew, that the written agreement was not referred to, in the acknowledgment made; but the opposite of this, is true. This fact it is incumbent on the objector, who affirms it, to substantiate. Hence, it is not for the court to *presume*, that the permission to occupy existed anterior to the written contract, or that it had relation to it, unless such inference necessarily results from the facts appearing; and for this supposition there is no foundation. Had there been an outstanding valid agreement in writing, the reference of the acknowledgment to it, although not inevitable, would be highly probable; but such writing has never existed.

Whether the recognition of the defendant, was of an agreement distinct from the writing, or had reference to it, is a fact for the consideration of the jury. If the writing was in contemplation, and actually referred to, the acknowledgment can be of no weight, but was merely a mistake; for that instrument never authorized the entrance on the premises, or the occupancy of the defendant. But if no such reference was had to the writing, but the acknowledgment was of a distinct agreement, the contract was lawful, and the testimony admissible.

*Litchfield,*
June,
1824.

Buell
*v.*
Cook.

*Buell
v.
Cook.*

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

New trial to be granted.