IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1826, IN THE ELEVENTH YEAR OF THE STATE.

---

### HARRISON and Others *v.* DOE, on the Demise of RAPP.

The real estate of *B.* was, in 1823, sold on execution under a judgment recovered against him by *A.* in 1822, which judgment had not been replevied. *A.* the execution-plaintiff, was the purchaser for 565 dollars. The property sold had been appraised, under the statute of 1820, at 4,640 dollars. In ejectment by *A.* for the premises, it was held that no bid for the land could be made, under the statute of 1820, for less than 2,320 dollars, the one-half of the appraised value; and that the sheriff's sale therefore for 565 dollars was void, and his deed conveyed no title to the purchaser.

If the purchaser of real estate at sheriff's sale be the execution-plaintiff, he is considered a purchaser with full notice, and accountable for all irregularities.

ERROR to the *Knox* Circuit Court.—Ejectment by *Doe* on the demise of *Rapp* against *Harrison, Badollet,* and *Buntin,* for a house and lot in *Vincennes.* Plea, not guilty. Verdict and judgment for the plaintiff below.

*Monday, November 6.*

SCOTT, J.—On two judgments obtained by *Frederick Rapp* against the bank of *Vincennes* in *June,* 1822, executions of fi. fa. were issued and levied on the premises in controversy. After the return of those executions, writs of venditioni exponas were issued, and on the 20th of *September,* 1823, the property was sold, and *Rapp* became the purchaser for the sum of 565 dollars, and received the sheriff's deed. By the statute in force at the time of this sale, it was provided that where the judg-

Nov. Term,
1826.

HARRISON
v.
DOE.

ment had not been replevied, no real property should be sold, on execution, for less than one-half of its real value. Stat. 1820, p. 4 (1). The judgment in this case was not replevied, the property was valued according to the provisions of the statute, and the real value, thus ascertained, was 4,640 dollars. Nothing less than 2,320 dollars was a legal bid, and without a legal bid there could be no legal sale. Any sum bid for the property less than 2,320 dollars was as no bid at all; and in that case the sheriff ought to have returned, that the property remained unsold for want of buyers.

How far a stranger to the title of the execution-defendant, or a person claiming under a title adverse to the title of the bank, could take advantage of this circumstance in his defence in an action of ejectment; or how this irregularity would affect a stranger, purchasing at the execution-sale, for a valuable consideration, without notice; are questions not within the case. Here the defendants claimed title as assignees, and privies in estate to the bank; and the property was purchased by the execution-plaintiff, who must be considered a purchaser with full notice, and accountable for all irregularities. *Simonds* v. *Catlin*, 2 Caines, 61.—*Goodyer* v. *Junce*, Yelv. 179.—*Parsons* v. *Loyd*, 3 Wils. 341.—*Read* v. *Markle*, 3 Johns. R. 525.—*Lawrence* v. *Speed*, 2 Bibb, 401.—*Hayden* v. *Dunlap*, 3 Bibb, 216.

The sale in this case was erroneous, and the sheriff's deed, made in pursuance of that sale, conveyed no title to the purchaser.

On this ground, and without examining further into the merits of the case, the judgment is erroneous and must be reversed.

*Per Curiam.*—The judgment is reversed with costs.

*Judah*, for the plaintiffs.

*Tabbs*, for the defendant.

(1) This statute is repealed. The sheriff now first offers for sale the rents and profits of the premises for seven years; and if they will not sell for a sufficient sum to satisfy the execution, he then sells the fee-simple to the highest bidder. R. C. 1831, p. 235. For the statute law of the different states on this subject, vide 4 Kent's Comm. 2d ed. 428–438. Vide, also, as to the lien of judgments on real estate, *Ridge* v. *Prather*, Vol. 1. of these Rep. 401, 404, note (2).—R. C. 1831, pp. 274, 275.