McFADIN *vs.* RIPPEY.

1. In an action for use and occupation, an eviction of part of the premises may be shown in reduction of the rent; but a mere trespass, or illegal ouster, does not constitute an eviction.

2. An erroneous decision of the court, against the party obtaining the verdict, is not a sufficient ground for a reversal of the judgment, especially where, upon the merits, it would seem that the party was entitled to his judgment.

APPEAL from St. Louis Court of Common Pleas.

THOMAS, *for Appellant.*

1st. Appellant contends, that the court below erred in its instructions to the jury:

*First,* Because appellee having failed to go to the jury, on the written lease between him and appellant, and having based his right to recover on the ground of *use and occupation,* he can recover only so much as the premises were reasonably worth.—Rev. Code, 1835, p. 377, sec. 12.

*Second,* The agreement mentioned in the rejected lease, that appellant was to pay appellee so much a-year for the house rented, was not sufficient evidence (in fact, it was no evidence at all) from which the jury could infer that the house rented was worth so much. The lease having failed, all covenants and agreements contained in the lease must also fail.

2d. Appellant contends, that the court below erred in refusing the instructions asked for by the appellant's counsel:

*First,* Because appellee entered into a part of the demised premises, and *evicted* appellant therefrom, and therefore he was discharged from the payment of the *whole* rent; and this, that no man may be encouraged to injure or distrust his tenant in his possession.—6 Bac. Ab., 49; Coke's Litt., 148; b. Vent., 277; Arcough's case, 9 Coke, 135; Lewis *vs.* Payne, 4 Wend., 423; Dyett *vs.* Pendleton, 8 Cow., 730; Briggs *vs.* Hale, 4 Leigh's Rep., 484.

*Second,* Because appellee having *evicted* appellant from part of the demised premises, the appellant was entitled to a deduction of the rent; he was only liable upon a *quantum meruit* for the rest of the premises.—2 Leigh's Nisi Prius, 724; Stokes *vs.* Cooper, 3 Camp., 514; Tomlinson *vs.* Day, 2 B. & B., 680, (6 Eng. Com. Law Rep., 315.)

3d. Appellant further contends, that the court below erred in refusing a new trial, for the reasons above stated.

TRUSTEN POLK, *for Appellee.*

1st. The court below committed no error in refusing the instruction given to the jury.

2d. The court committed no error in refusing to give the instructions prayed by defendant's counsel.

3d. The court below did right to overrule the defendant's motion for a new trial.

NAPTON, J., *delivered the opinion of the Court.*

This was a suit originally brought by Rippey before a justice of the peace, to recover one month's rent for a house in St. Louis. An account for this rent, $33 33⅓, was filed before the justice, and the suit having been commenced by attachment, a plea in abatement was filed, putting in issue the truth of the affidavit upon which the attachment issued, which was found for the defendant. Upon appeal to the Court of Common Pleas, the plaintiff got a verdict and judgment upon the issue on the plea of abatement, and went to trial upon the main issue in the cause.

The plaintiff proved, by a witness who was present at the transaction, that he rented to the defendant a dwelling-house in the city of St. Louis, for one year, at four hundred dollars. Objections were made by defendant to the price, on account of the cellar, which he alleged was wet; but plaintiff assured him he would keep the cellar dry, if, in order to do so, he had to fill it up to the floor; and thereupon the terms, as above stated, were agreed on. The defendant then entered on and occupied the premises until the expiration of the year. The witness, who was in the employment of the plaintiff, presented the account upon which this suit was brought to said defendant, who examined it, looked into his money-drawer, said he had not money enough to pay it then, and requested witness to call again. Witness called again, and defendant refused to pay it; but said there must be a deduction, on account of the cellar, &c. Witness stated, that he wrote a lease for the house for the said term. The lease being produced, and its execution proved, it was offered in evidence, but the counsel for the defendant objecting to it, on account of erasures, interlineations, &c., unexplained, the court excluded it, and the plaintiff then insisted on submitting his case to the jury, on the ground of use and occupation, the defendant objecting, but the court overruled his objections.

The defendant's counsel then introduced testimony to prove, that he was entitled to a deduction of the rent, because the plaintiff, of his own wrong, had deprived him of the use of the cellar, by filling it up with dirt, contrary to the agreement between the parties. Some testimony was offered on this point, but the court stopped the counsel, declaring the defence, if made out, inadmissible, and instructed the jury, that if they believed, from the evidence, that the defendant rented plaintiff's house, at the rate charged in the bill, and occupied the same during the time therein specified, they should find for the plaintiff.

The defendant asked the following instructions, which were refused:

1. If the plaintiff expelled or ousted the defendant from the premises, the defendant is discharged from the payment of the rent.

2. If the plaintiff expelled or ousted the defendant from a part of the premises demised, the defendant is discharged from the payment of the rent.

3. If the plaintiff, after the defendant took possession of the house, filled up the cellar belonging to the house, so as to render it of no use or convenience to defendant, the defendant is entitled to a reduction of the rent.

The verdict and judgment were for the plaintiff.

The defence attempted to be set up in this case was properly excluded by the court. In action for use and occupation, an eviction of part of the premises may be shown in reduction of the rent; (Tomlinson *vs.* Day, 3 Brod. & Bing., 680); but a mere trespass, or illegal ouster, does not constitute an eviction. (Hunt *vs.* Cope, Cowper, 242.) The facts proved by the defendant, and those offered to be proved, could only have amounted to a trespass or an illegal ouster, and the instructions based on the hypothesis of a legal eviction, from the whole or part of the premises, were rightly refused by the court.

In Brewer *vs.* Palmer, 3 Esp. N. P. Cases, 213, it was held, that where it appears there was an agreement in writing, that agreement must be produced. There the agreement was not *stamped*, and therefore could not go in evidence. The plaintiff desired to go into evidence generally for use and occupation. Eldon, Chief Justice, said, " This was a specific contract between plaintiff and defendant, and the plaintiff is bound to show what that contract was; it may contain clauses which will prevent plaintiff from recovering; others for the benefit of defendant, which he had a right to have produced; but the contract not being stamped, it could not be given in evidence; therefore, the plaintiff must be nonsuited." (See Rex *vs.* Inhab. St. Paul's, 6 T. Rep., 452; Preston *vs.* Mercereau, 2 Black. Rep., 1,250.) If the occupation of land is founded on a written contract, even though it be defective, the writing must be produced, as being the best evidence of that contract. (Buel *vs.* Cook, 5 Conn. Rep., 206.)

Of course, the rule cannot apply, when the contract is not merely defective, but absolutely void.—Tomlinson *vs.* Day, 2 Brod. & Bingh., 679; Jeffrey *vs.* Walton, 1 Stark., 267; Doe *vs.* Cartwright, 3 B. & A., 326; White *vs.* Wilson, 2 Bos. & Pull., 116.

The bill of exceptions does not inform us of the character of the instrument offered in evidence by the plaintiff below. If a deed, the party had no right to proceed as for use and occupation; if an unsealed lease, he had, and the writing was proper evidence of the terms of the contract. It appears, that the instrument was excluded by the court as a *nullity*. This exclusion, whether right or wrong, was acquiesced in by both parties, and the plaintiff rested his case on the parol proof of the terms of the contract. The plaintiff had no other course, if the court was right in excluding his lease. An erroneous decision of the court against the party obtaining the verdict is certainly not a sufficient ground to require its reversal; especially where, upon the merits, it would seem the party was entitled to his judgment.

Judgment affirmed.