## MARY T. PLUMMER *vs.* EDWIN C. WHITNEY.

33  427
39   51

### June 9, 1885.

**Execution Sale of Land in Parcels to Amount of Judgment Debt—Sale of Additional Parcels Void.**—At an execution sale made upon several judgments, an assignee of some of the judgments, some of which had been in part paid and others wholly paid, purchased property for prices sufficient to satisfy what was still unpaid upon the judgments which had been assigned to him, as well as the full amount of the other judgments. After this, and at the same sale, the land in question was sold, and was purchased by the same execution creditor. In an action to set aside that sale as a cloud upon the title, *held*, that the execution creditor, the assignee of the judgments, is chargeable with knowledge as to the amount which had been before paid upon those judgments, and that, all of the judgments being satisfied before the sale of the land in question, that sale was void.

**Same—Laches.**—The delay for 10 months after the sale before relief was sought, *held* not to be laches, the defendant not being prejudiced.

**Sale on Satisfied Judgment—Failure of Debtor to Apply for Injunction.**—The fact that plaintiff did not before the sale seek to restrain a sale upon the satisfied judgments, *held* no obstacle to the granting of relief; it not appearing that she had actual notice of the contemplated sale and the defendant not having been prejudiced by the plaintiff's delay.

Action in the district court for Hennepin county, to determine adverse claims, and to have a certificate of sale on execution under which defendant claims title adjudged void. The action was tried by *Young,* J., without a jury, and judgment directed for plaintiff, from which defendant appeals.

*Atwater & Hill* and *Chas. J. Bartleson,* for appellant.

*Wilson & Lawrence,* for respondent.

DICKINSON, J. This action was brought to remove a cloud upon the title to a lot of land, arising from a sale of the same to the defendant, upon executions issued upon six judgments against one Mendenhall, the former owner of the land, and from whom both parties claim to have derived title. The plaintiff's title is derived from execution sale upon judgments against Mendenhall, subsequent to those under which

the defendant purchased, and is unquestionable if the execution sale to the defendant were avoided. The six judgments, the execution of which is here in question, were rendered in favor of different persons, and were all assigned to the defendant, excepting two recovered in 1875, for the sums respectively of $458.74 and $41, and upon which there was due, at the time the executions in question were issued, only the sum of $738.83. Some of these judgments had been fully paid and others partially paid prior to the issuing of the executions, and at that time the amount unpaid of all of the judgments was only $2,536.06. One sale was made under all of these executions, and at such sale, and before the sale of the land in question, other lands had been sold for sums amounting to $5,679.65, which exceeded by more than $3,000 the amounts unpaid upon all of the judgments. The defendant was himself the purchaser of the greater portion of these lands, and, before the land in question was sold and purchased by him, he had already purchased other lands for prices amounting to more than enough to satisfy in full the two judgments which had not been assigned to him, and what remained unpaid of the four judgments which had been so assigned.

It is apparent, from the mere statement of these facts, that the sale of the land in question was unauthorized, and that the defendant was chargeable with notice of its invalidity. We do not here consider whether, upon an execution sale upon a judgment which has been in fact satisfied, a purchaser, *bona fide* and without notice of such satisfaction, can acquire any legal interest in the property. The plaintiff in an execution is deemed to have notice of vices or irregularities affecting the validity of the proceedings; and defects affecting a sale to a purchaser with actual notice of them will also affect a sale to the plaintiff in the writ, whether he had actual notice or not. *Pettingill* v. *Moss*, 3 Minn. 151, (222;) *Harrison* v. *Rapp*, 2 Blackf. 1; *Steinbach* v. *Leese*, 27 Cal. 295; *Winston* v. *Otley*, 25 Miss. 451; Freeman on Executions, § 340.

The defendant was chargeable with knowledge by implication as to the amounts remaining unsatisfied of the judgments which had been assigned to him, and which he was proceeding to enforce. He is to be presumed to have known for what amounts executions were still

enforceable. He was also chargeable, as any purchaser at the execution sale would be, with notice of the amount of the two judgments not assigned to him, under which, in part, the sale was made. When the defendant had himself purchased lands at this sale for prices amounting to more than enough to satisfy all of these judgments, he knew that further sales were without authority of law. The judgments were then satisfied, and further sales under the executions were void. Freeman on Executions, § 19; *Wood* v. *Colvin,* 2 Hill, 556; *Carpenter* v. *Stilwell,* 11 N. Y. 61; *Hunter* v. *Stevenson,* 1 Hill, (So. Car.) 415; *McClure* v. *Logan,* 59 Mo. 234.

In view of the above considerations, and since the defendant and not the plaintiff was responsible for the unauthorized sale of the land in question, no obstacle in the nature of laches prevents the granting of equitable relief. No injustice is done to the defendant by setting aside the sale made after the judgments had been fully satisfied, although 10 months elapsed after the sale before this action was commenced. Nor, under the circumstances referred to, should relief be denied for the reason that the plaintiff did not take proceedings to restrain a sale for more than was due upon the judgments. It does not appear whether or not the plaintiff knew of the proposed execution sale, so that she could have earlier sought relief. Constructively, and as affecting the regularity of the proceedings connected with the sale, she may be presumed to have had statutory notice of it. But, for the purposes of this action, which does not call in question the regularity of the notice of sale, notice in fact is not to be presumed, and that presumption made a ground for denying relief for the injury suffered by the acts of the defendant. Moreover, as has already been said, the delay in seeking relief has not prejudiced this defendant.

Our decision is in accordance with that of the district court, and the judgment is affirmed.