JULIA G. CLOSSEN *vs.* EDWIN C. WHITNEY.

June 26, 1888.

**Judicial Sale—Presumption as to Officer's Authority.**—Where a sale of real estate was made by a sheriff under a judgment of court, and subsequently confirmed, it will be presumed, nothing affirmatively appearing to the contrary, that a transcript of the judgment was delivered to the sheriff, when that is required by statute.

**Same—Purchase by Judgment Creditor—Estoppel.**—The judgment directed that the proceeds of the property sold should, after payment of a mortgage thereon, be applied *pro rata* on the several judgments of the plaintiffs against the mortgagor.    One of the plaintiffs bid in part of the property, and received a sheriff's certificate, and applied the whole amount of his bid as a payment on his judgment; the owners of the other judg-

ments never having objected. *Held,* that, in a collateral action, in which he is sought to be charged with this amount as a payment on his judgment, he cannot object to being so charged because it was more than his *pro rata* share under the terms of the judgment.

Same—Credit on Judgment—Date.—Also, having received his certificate of sale, and the benefits of the payment at the date of the sale, the amount of his bid should be credited on his judgment as of that date.

Same — Sheriff's Return of Receipt of Money — Parol Evidence. — Parol evidence that he paid no money, but applied the amount of his bid on his judgment, was admissible, notwithstanding the statement of the sheriff in his report of sale that he had received the money, and paid it over to the attorney for the plaintiffs in the action.

Plaintiff brought this action in the district court for Hennepin county, praying that defendant's purchase of the lands described in the complaint at execution sale on a judgment against one Mendenhall (from whom the plaintiff derived title) be adjudged void, and the certificate of sale cancelled, on the ground that the judgment had been satisfied by sales of other property before the sale to defendant. The action was tried by *Young,* J., who ordered judgment for the plaintiff, which was entered, and the defendant appealed.

*Chas. J. Bartleson,* for appellant.

*Wilson & Lawrence,* for respondent.

MITCHELL, J. This controversy arises out of the same execution sale considered by this court in *Plummer* v. *Whitney,* 33 Minn. 427, (23 N. W. Rep. 841,) in which it was held that all sales to the defendant, after sufficient property had been sold to satisfy his judgments, were unauthorized and void. The only difference between this case and that is that the tract now in dispute was sold earlier in the order of the sale. Whether defendant's judgments were all fully satisfied before this tract was reached all turns upon the question as to what amount had been realized on what is called the "Morse Judgment," on a sale of other property to the judgment creditor, Morse, August 28, 1877, under a decree of court in the case of *Irving and others* (of whom Morse was one) v. *Mendenhall & Welles.* The court below found that $700 had by that sale been paid and applied on that judgment as of that date. The suit referred to was one brought

by Morse and other judgment creditors of Mendenhall, to reach, for the purpose of satisfying their judgments, certain real estate conveyed by him to Welles by deed absolute in form, but in fact only as a mortgage to secure the payment of money. The court rendered a decree, adjudging the exact amount due Welles as mortgagee, and the amounts due each of the plaintiffs on their respective judgments, and directing the lands to be sold by the sheriff at public auction to the highest bidder for cash, "upon the notice and in the manner provided by law for judicial sales of 'real estate," and, from the proceeds, after paying costs and expenses of sale and costs of suit as taxed, the sheriff should pay to Welles the amount adjudged to be due him on his mortgage, and from the residue pay the plaintiffs in the suit their judgments in full, if there be sufficient remaining, and, if not, to apply it upon all the judgments *pro rata;* and, if any balance remained in his hands, he should bring the same into court, and make a full report of his doings under the decree. At this sale, Morse bid in two pieces of the property for the sum of $700, and received from the sheriff certificates of sale therefor at or about the date of the sale. It appears from the testimony of Morse's attorney in that case, (assuming it, for the present, to be competent evidence,) that Morse paid no money, but the full amount of his bids ($700) was treated as applied on his judgment, although in fact never credited on the docket. It also appears by a calculation that the proceeds of the sale were insufficient to pay all the judgments in full, and that, if applied *pro rata,* $700 would have been more than Morse's proportion. It does not appear, however, that any of the other judgment creditors (plaintiffs in that suit) ever objected to the application of the whole $700 on Morse's judgment, and, so far as appears, he had and retained the benefit of the whole sum as a payment thereon. The sheriff did not make his report to the court, as required by the decree, until November 24, 1879, and an order was made on the same day confirming the report, and the sales therein mentioned.

1. Defendant's first assignment of error is that it was error to apply any payment on the Morse judgment on account of this sale, because it does not appear that any transcript of the decree under

which the sale was made was ever delivered to the sheriff, as required by Gen. St. 1878, *c.* 81, § 30, and therefore the sale was void. Assuming that the provisions of this section were applicable to such a sale, there are two sufficient answers to defendant's contention: (1) Nothing affirmatively appearing to the contrary, it will be presumed that the sheriff did his duty, and that all things were rightly done, especially in view of the facts that there was a decree authorizing such a sale, and that the court itself afterwards approved and confirmed it. (2) Morse having received the proceeds of the sale, and kept them as payment on his judgment, and no one else ever having questioned the validity of the sale, it does not lie in his mouth, or in that of defendant, his assignee, to assert that the sale was void, and his judgment unpaid.

2. The second assignment is that the court erred in applying the full amount of Morse's bid as a payment on his judgment, instead of applying the whole net proceeds of the sales *pro rata* upon all the judgments as required by the decree. The answer to this is that Morse himself so applied it, and has had the full benefit of it; the other judgment creditors not objecting. It would be strange, indeed, if, after this, he could come in and complain of himself, and at the same time hold on to the money or property of the judgment debtor, and make him pay over again.

3. The third assignment is that the court erred in applying this $700 as a payment on the Morse judgment at the date of the sale, August 28, 1877, instead of the date of the order confirming the sale, November 24, 1879. The answer to this is that the decree did not provide for any order of confirmation before certificates of sale should be executed to purchasers, or before the proceeds of sale should be paid over to the parties entitled thereto. On the contrary, it expressly authorized and directed the sheriff to first pay over to the respective parties the amounts adjudged to be then due, and then to make a report of his doings, and bring the surplus, if any, into court. All the sheriff had to do was to follow the directions of the decree. Defendant got his certificate of sale, and hence the benefit of the payment on his judgment, at the time of the sale, and the payment should be applied as of the date of its reception by the creditor.

4. The fourth and last assignment of error is the admission of the testimony of Morse's attorney as to how the amount of his bid was actually applied. The principal objection made to this evidence is that it impeaches and contradicts the decree, which directed that the proceeds of sale should, in case of a deficiency, be applied *pro rata* on all the judgments, and also the report of the sheriff that the proceeds had been paid over by him to the attorney of the judgment creditors. How this evidence impeaches the decree, or how the plaintiff, who is a stranger to the action, can be bound by a false or erroneous statement of fact in the sheriff's report of sale, we are unable to see. Had Morse sued the sheriff for the proceeds of this sale, can it be questioned that the sheriff might not show by parol that he had paid no money, but had applied the amount of his bid as a payment on his judgment? Defendant stands in no better position than Morse would. The fact that he may have bought this judgment—a non-negotiable chose in action,—without knowing of this payment, can give him no greater rights than his assignor had.

The payment was correctly applied by the court below both as to amount and date, and no error was committed in the admission of evidence, and the judgment in favor of plaintiff must be affirmed.