Boots *v.* Ristine.

BOOTS *v.* RISTINE.

[No. 17,749.   Filed May 26, 1896.   Rehearing denied Oct. 13, 1896.]

APPEAL AND ERROR.—*Assignment of Error.*—A joint assignment of error based upon the action of the court in overruling a demurrer to two paragraphs of answer, is not available if either of the paragraphs of answer is good.

JUDICIAL SALES.—*Payment of Purchase-money.*—An execution creditor may make a valid purchase of property without paying the amount of the principal debt to the sheriff where in lieu thereof he receipts the sheriff for that amount, and where there is no question of his first right to the fund otherwise paid to the sheriff.

From the Montgomery Circuit Court. *Affirmed.*

*F. M. Dice* and *Kennedy & Kennedy,* for appellant.

*Ristine & Ristine,* for appellee.

HACKNEY, C. J.—The appellant sued the appellee to quiet the title to certain real estate, alleging the invalidity of a sheriff's sale under which the appellee claims through the purchase at said sale. The theory of the complaint is, that the property was bid in by the execution creditor at double the amount of his judgment, and that he paid no part of the bid, but gave the sheriff his receipt therefor.

The question assigned in this court as error arises upon the action of the circuit court "in overruling the appellant's demurrer to the second and third paragraphs of appellee's answer." As this assignment is joint, if either answer is good, there is no available error in the record. *Noe* v. *Roll,* 134 Ind. 115.

The third paragraph of answer alleged the recovery, in 1875, of a judgment in favor of George Cook for $630.30 and costs, against the appellant; that in March, 1885, execution issued upon said judgment; that the various steps, as to demand, notice and sale were taken and the return upon the execution is set out at full length in the answer. From the return it appears that said Cook was the purchaser for $748.95, and that he paid the full amount thereof to the sheriff, who made distribution thereof and in part to said Cook upon said execution. It is further alleged that the purchaser obtained a sheriff's deed in May, 1886, when he took and held possession until December, 1890, at which time he sold and conveyed to the appellee, who had no notice of the fact that the purchase-money was not paid to the sheriff by Cook.

Appellant's learned counsel attack this answer as not alleging that Cook paid the purchase-money to the sheriff, but rather as disclosing, by way of the recital in the return, that, after paying costs, the sheriff paid back to Cook the balance. From this assumption, against the plain language of the return as pleaded, counsel argue that no money was paid by Cook beyond the amount of the costs, and they insist upon the rule, as laid down in *Liggett* v. *Firestone*, 96 Ind. 260, that a sheriff's sale must be for cash, at the time paid, or it is void.

Passing the question as to the right of the appellant to deny the sheriff's return, *Splahn* v. *Gillespie*, 48 Ind. 397; *Stockton* v. *Stockton*, 59 Ind. 574, it has been long settled that the execution creditor may make a valid purchase without paying the amount of the principal debt to the sheriff where, in lieu thereof, he receipts to the sheriff for that amount and where there is no question of his first right to the fund otherwise paid to the sheriff. *Burton* v. *Ferguson*, 69 Ind. 486; *Robert-*

son v. Van Cleave, 129 Ind. 217, 15 L. R. A. 68; Clossen v. Whitney, 39 Minn. 50, 38 N. W. 759.

We conclude, therefore, that the answer is not subject to the objection made against it.

The judgment of the circuit court is affirmed.