THOMAS B. KERSHAW *v.* PELLETIER DELAHOUSSAYE, Sheriff, and another.

Where a judgment has been rendered in favor of a plaintiff, the whole judgment, including the costs, is his property. He is supposed to have advanced, or is liable for the costs, and the sheriff must look to him for their payment. And where the property seized and sold for cash to satisfy the judgment, has been purchased by the plaintiff, the sheriff has no right, on the refusal of the plaintiff to pay his costs, to resell the property. Such a sale will be void.

APPEAL from the District Court of St. Mary, *King*, J.

*W. C. Dwight*, for the plaintiff.

*Splane*, appellant, *pro se. Stewart*, on the same side.

MORPHY, J. The plaintiff, as administrator of the estate of his deceased wife, Pelagie Kershaw, had a tract of land belonging to one Jonathan Smith, seized and sold, on the 4th of February, 1833, under an order of seizure and sale, obtained by the said Pelagie, in her lifetime. The property was adjudicated to the plaintiff, for $284. He entered a credit for this sum, as administrator, on the order of seizure and sale, and directed the sheriff, P. Delahoussaye, to make his return, to convey the land to him, and to discontinue all further proceedings on said writ. Notwithstanding these directions, the sheriff refused to make his return and execute a deed to the plaintiff, unless all his costs were first paid, and proceeded to advertise the land for sale again, and, on the 1st of April following, sold the same to Alexander R. Splane, for $135, payable in twelve months after that date. This action was brought to annul the sale made to Splane, and to recover damages from the sheriff for his illegal conduct. After setting forth the foregoing facts, the petitioner alleges divers irregularities in the second sale. There was a judgment below, annulling the sale to Splane, and requiring the sheriff to make a deed of sale to the plaintiff, and to amend and correct his writ accordingly. Splane alone has appealed.

The plaintiff in a suit has the complete property and control of a judgment in his favor, and a sheriff has no right or interest in it for his costs. It is not the sheriff, but the party who succeeds

in a suit, that recovers the costs. C. P. art. 548, *et seq.* In *Williams* v. *Gallien,* 1 Rob. 94, this court held, that where a judgment is rendered in favor of a plaintiff, the whole judgment, including the costs, is his property: that he is supposed to have advanced, or to be liable for, the costs; that the sheriff has no right, in violation of his orders, or those of his attorney, to sell the property seized, in order to secure their payment; and that if he does, such sale will be void. In the present case the return of the sheriff shows, that upon the first exposure of the property, it was adjudicated to the plaintiff, but it mentions that the latter having failed to comply with the conditions of the sale, it was advertised and sold to Splane. The plaintiff's attorney testifies that after the property was struck off to the plaintiff, he requested and directed the sheriff to return the execution as satisfied for the amount of the bid; but that the sheriff answered, that, if his costs were paid to him, he would return the writ with the credit as required, the sale being a cash one; but that if his costs were not paid, he would proceed to sell the property again. It is clear that the sheriff was bound to obey the directions of the plaintiff, or his attorney, and had no authority to proceed to a second sale of the property. He was to look to the plaintiff for his costs, in the same manner as if the proceedings had been stayed by his order, without any sale being made.

*Judgment affirmed.*