## SUTHERLAND v. ROUND et al.

### (Circuit Court of Appeals, Sixth Circuit. July 12, 1893.)

### No. 54.

1. DAMAGES—PLEADING AND PROOF.
   In an action for breach of warranty in the sale of a chain, evidence of damage to the business of a vendee of the original purchaser, incurred by the loss of trade by reason of the breaking of the chain, is inadmissible where the petition claims damages for the cost of substituting a new chain for the old one only, and the testimony fails to show that the contract or circumstances of the sale by the original purchaser made him liable for consequential damages, or that defendants were informed in selling the chain that such purchaser had contracted to incur such liability.

2. EVIDENCE—HEARSAY.
   Evidence of statements by agents of the purchaser's vendee, made to the purchaser, that a new chain must be furnished, is hearsay, and inadmissible.

3. WITNESS—RE-EXAMINATION—DISCRETION OF COURT.
   The refusal of the trial court to allow a re-examination of a witness as to the kind of tests now made of iron where life and limb are dependent on its tensile strength being a collateral issue, and its allowance largely within the discretion of the court, was not erroneous where no prejudice arose from the exclusion of the particular question.

4. APPEAL—BILL OF EXCEPTIONS.
   An assignment of error based on the court's instructions to the jury cannot be considered when the original bill of exceptions does not show that exceptions were taken when the charge was given.

5. SAME—FAILURE TO NOTE EXCEPTIONS—AMENDMENT.
   The negligence or omission of counsel to note exceptions to an original bill of exceptions is not such an extraordinary circumstance as will warrant the court below in amending the bill long after it has been allowed

and signed, and long after the term of the trial has passed, and the parties have been dismissed from court.

**6. SAME.**

The oversight and omission of counsel preparing the bill was a waiver of the exceptions, and the court below was powerless to amend.

Error to the Circuit Court of the United States for the Northern District of Ohio, Eastern Division.

At Law. Action by Adam T. Sutherland, assignee of Van Winkle & Co., against David Round and Louis Round, to recover damages for breach of warranty in the sale of a chain. Judgment for defendants. Plaintiff brings error. Affirmed.

Statement by TAFT, Circuit Judge:

This was a writ of error to reverse a judgment for defendant in the circuit court of the United States for the northern district of Ohio, eastern division. The action below was by Sutherland, a citizen of California, against David and Louis Round, partners as Round & Son, citizens of Ohio, for damages for breach of warranty in the sale of a chain used to haul vessels out of the water on to a dry dock. The sale was made by Round & Son to Van Winkle & Co., a firm of San Francisco, and the petition alleged that the claim for damages had been assigned to plaintiff. The answer admitted the sale, averred full compliance with the terms thereof, and denied that plaintiff was the owner of the claim sued on. The evidence shows that the contract sued on was made in the summer of 1887, and that the defendant warranted that the chain should have a tensile or admiralty test of 109 gross tons and 149⅝ tons breaking strain; that the chain was sent to Van Winkle & Co.. and they turned it over to a company known as the San Diego Marine Railway. While in use by that company the chain broke. It was repaired, and was used thereafter for about two years. It then broke again, and a new chain was supplied by Van Winkle & Co. to the Marine Railway. Evidence was put in to show the cost of a new chain and of transporting it from San Francisco to San Diego, and the other incidental expenses connected with the substitution. The jury returned a verdict for the defendants. On the hearing before this court it appeared from the record that certain parts of the trial judge's charge upon which assignments of error were based had not been excepted to. Thereupon counsel for the plaintiff applied to the court to issue a writ of certiorari to the clerk of the circuit court for the northern district of Ohio, directing him to send up a full and complete record. The application was granted, and the writ went down. The bill of exceptions contained in the transcript originally filed in this court showed that the trial took place in the October term, 1891, and that the motion for a new trial was continued to the 4th day of March, 1892, when the court overruled it. The bill concluded as follows:

"And the court entered on the day last named, in connection with such decision, the overruling of a motion for a new trial, a finding of judgment for the defendant, and ordered that plaintiff should have sixty days from the date last named for the preparation, allowance, and filing of his bill of exceptions, and the record be kept open for this purpose. And now, within the time so fixed, the plaintiff presents this, his bill of exceptions, taken at the trial of said cause, and asks the court to sign, seal, and allow the same to be made a part of the record of this cause, which is by the court accordingly done, this 3d day of March, 1892.

"Augustus J. Ricks, U. S. District Judge.

"Indorsed: Filed May 3, 1892."

A journal entry was made upon the minutes to the same effect.

The return to the writ of certiorari by the clerk of the circuit court certified that the transcript of the record of the proceedings of the circuit court theretofore certified by him was correct and complete as the same then appeared in the circuit court. He further certified that on the 16th day of February, 1893,—that is, some days after the hearing in the court of ap-

peals,—the Honorable A. J. Ricks, the judge who tried the above-named action, signed and approved a journal entry, and ordered the same to be entered as part of the record of said cause. The amendment read as follows: "And now, upon the 16th day of February, A. D. 1893, on motion by plaintiff and notice to the defendant, this cause comes before this court, the Hon. A. J. Ricks presiding, who is the judge who presided at the trial of this cause at the October term, 1891, and also allowed and signed the bill of exceptions for the plaintiff, upon plaintiff's motion for an order nunc pro tunc, and its being made to appear to the satisfaction of the court that 'at the time of said trial, and immediately after the court had charged the jury, the plaintiff's attorney excepted to certain portions of the charge in the language following: "(1) To what the court said in connection with the testimony, that referred to the links being stretched by a force greater than 149 tons, because there is no pretense that there is any evidence in the case, as counsel claimed, making that applicable before the first break occurred, and therefore that the jury should not have had that given to them; but that it was only referring to such breaks as might have occurred after the first break had occurred. (2) To what the court said as to the measure of damages,— that the difference between the actual value of the chain at the time it was delivered to plaintiff and what its value would have been if it had been as represented is not the rule. (3) To what the court said as to the jury looking to subsequent use, to see if it was subjected to a greater strain." ' And also that on making up the bill of exceptions from the minutes of the stenographer said exceptions were left out of said bill of exceptions. Counsel claim that said omission was through oversight and mistake on his part, which the court believes to be true. It is now ordered—so far as jurisdiction and authority lies in this court—that the above-specified objections be, and the same are hereby, inserted in said bill of exceptions at the point indicated at the close of the charge of the court, as appears in the printed record filed in the circuit court of appeals, page 45, at the end of the second line, as part of said bill of exceptions. To which order the said David and Louis D. Round objected, but the court overruled said objection, to which ruling in overruling said objection, as well as to the entry of said order, they then and there, by their counsel, duly excepted."

J. E. Ingersoll, for plaintiff in error.

Henderson, Kline & Tolles, for defendants in error.

Before JACKSON and TAFT, Circuit Judges, and BARR, District Judge.

TAFT, Circuit Judge, (after stating the facts as above.) The assignments of error are based—First, on the improper rejection and admission of evidence; and, second, on misdirection by the court to the jury.

The plaintiff offered evidence of the employes of the San Diego Marine Railway Company—first, to show how the chain broke, which was admitted; and, second, to show the extent of the damage caused the San Diego Marine Railway, and the amount of money that had been expended in repairing the damage, as well as the consequential damages incurred by the railway company in the loss of its trade. This evidence was rejected, and we think rightly. The damages sought to be proved were damages to the business, not of the vendee under the contract and the assignor of the plaintiff, but damages to the vendee of the vendee. The petition claimed damages only for the cost of substituting a new chain for an old one, and evidence as to that was admitted. The plaintiff was limited to that. He could not go on to show conse-

quential damages in the absence of a specific averment in his petition. Moreover, there was no evidence that the contract or circumstances of the sale by Van Winkle & Co. to the Marine Railway Company made the former liable for consequential damages, or that defendants were informed in selling the chain that Van Winkle & Co. had contracted to incur such liability. In no aspect of the case, therefore, could the plaintiff, as the assignee of Van Winkle & Co., recover consequential damages, and evidence tending to show them was wholly inadmissible.

Evidence was offered of statements by agents of the Marine Railway, made to Van Winkle & Co., that a new chain must be furnished. These statements were hearsay, and were properly excluded. The fact which the plaintiff, as the assignee of Van Winkle & Co., had to prove was that the chain was defective, and so defective that a new chain ought to have been furnished; or, if not that, how much it would have taken to make the chain satisfy the warranty. It was not a question of the bona fides of Van Winkle & Co. in furnishing the Marine Railway with a new chain.

Another exception was based on the refusal of the court to allow the plaintiff's attorney to re-examine his witness with reference to the kind of tests that are now made of iron to be used in machinery where life and limb are dependent on its tensile strength. This subject was collateral to the main issue, and largely within the discretion of the court. The question in the case was not whether the defendant had been guilty of negligence in not properly testing the iron. It was whether the chain was up to the warranty. It might incidentally have aided the jury, in weighing the evidence as to the strength of the chain in question, to know the kinds of tests used in the trade, because there was evidence tending to show the kind of tests applied to this chain. The plaintiff's counsel had gone into the question of tests on direct examination. In re-examination he sought to elaborate, and the court restricted him. We think this was in the discretion of the court. Certainly no prejudice arose from the exclusion of the particular question. There are other exceptions based on the admission and rejection of evidence, which are even less material, and require no mention.

The chief argument for plaintiff in error is based on the instructions of the court to the jury. These we cannot consider, because the original bill of exceptions does not show that any exceptions were noted by counsel for plaintiff at the time the charge was given. It is true that since the hearing the return to the certiorari sent to the circuit court clerk shows an order of the trial judge amending the bill of exceptions, if he now has authority. The amendment to the bill was made long after the term to which the preparation of the bill was postponed. It appears on the face of the amendment that the only reason why the exceptions were not noted in the original bill of exceptions was because of the oversight and omission of the counsel preparing the bill. We think this must be held to be a waiver of the exceptions, and that the

court was without power to amend the bill under such circumstances. In the case of Muller v. Ehlers, 91 U. S. 249, Chief Justice Waite, speaking for the supreme court, said:

"As early as Walton v. U. S., 9 Wheat. 651, the power to reduce exceptions taken at the trial to form, and to have them signed and filed, was, under ordinary circumstances, confined to a time not later than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions without an express order of the court during the term or consent of the parties, save under very extraordinary circumstances. Here we find no order of the court, no consent of the parties, and no such circumstances as will justify a departure from the rule. A judge cannot act judicially upon the rights of the parties, after the parties in the due course of proceeding have both in law and in fact been dismissed from the court."

We do not think that the negligence or omission of counsel is such an extraordinary circumstance as to warrant the act of the court below in amending the bill of exceptions, long after the term of the trial had passed, long after the parties had been dismissed from the court, and long after a bill of exceptions had been allowed and signed.

The judgment of the court below is affirmed.