MUNGER *v.* SANFORD.

1. SHERIFFS AND CONSTABLES— EXECUTION — RETURN — LIABILITY OF OFFICER.

A constable's return on an execution, that he has sold the chattels levied on at public auction to the judgment creditor, the highest bidder, for $275, means either that the chattels were turned over to the buyer, or that the amount bid was paid, and in either case the officer is bound to account.

2. EXECUTION—SALE—PAYMENT OF PURCHASE PRICE.

The rule excusing a judgment creditor buying at an execution sale from paying the amount of his bid applies only where

his bid does not exceed the amount due under the execution, and, where his bid exceeds the amount due, the excess must be paid.

3. SAME—PROCEEDS—DISPOSITION.

Where mortgaged chattels are sold on execution for more than sufficient to pay the judgment, the surplus belongs to the judgment debtor; section 10318, 3 Comp. Laws, expressly providing that mortgaged property levied on must be sold subject to the mortgage.

4. SHERIFFS AND CONSTABLES—EXECUTION SALE — LIABILITY FOR SURPLUS—DEMAND—NECESSITY.

Where a constable sells chattels on execution for more than sufficient to pay the judgment and retains the surplus, the judgment debtor is entitled to sue for the surplus without a previous demand, since the constable holds the surplus contrary to section 884, 1 Comp. Laws, requiring him to return the surplus to the person against whom the execution issued.

Error to Kalamazoo; Adams, J. Submitted April 19, 1906. (Docket No. 103.) Decided May 24, 1906.

Assumpsit by Anna S. Munger against Clark Sanford for money had and received. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Osborn & Mills*, for appellant.

*Frost & Jackson*, for appellees.

CARPENTER, C. J. The following is a statement of the case, taken almost verbatim from the brief of defendant's counsel:

"On April 2, 1902, Dreskell-Jupp Paper Company recovered a judgment before one of the justices of the peace at the city of Kalamazoo of $126.26 and $3.50 costs. On April 12, 1902, an execution was issued for the collection of this judgment and placed in the hands of the defendant, Clark Sanford, then a constable, who levied it upon a quantity of chattels, which are described in the record, subject to two chattel mortgages upon same, one for $254 and the other for $300. He advertised the property for sale subject to these chattel mortgages. Subsequently, he made a return upon the execution—

"'That on the 2d day of May, at 10 o'clock in the forenoon, I sold the goods and chattels mentioned in said notice in one parcel at public auction to the Dreskell-Jupp Paper Company, they being the highest bidder therefor, for the sum of $275.

"'Dated June 9, 1902.

"'CLARK SANFORD,

"'Constable.'

"He did not return that he received the money, which was bid for the property, nor that he turned the property over to Dreskell-Jupp Paper Company. * * * Clark Sanford was not asked or required to make any further return to the execution. On December 31, 1902, the plaintiff, who claims to be an assignee under mesne assignments from G. H. Munger Co., the defendant in the execution, brought this action to recover of the defendant constable the sum of $150 upon the theory that that amount remained in his hands as surplus after the satisfaction of the Dreskell-Jupp Paper Company's judgment. No proof was offered [unless the return upon the execution is such proof] that the defendant had turned the property over to the Dreskell-Jupp Paper Company, or that the defendant ever received or had in his hands a penny of the money bid at the sale, or indeed, that the sale was ever completed. The case was tried before the circuit court for Kalamazoo county without a jury. The only testimony offered at the trial is contained in a stipulation of facts. The circuit court filed special findings upon the facts and law as requested by the plaintiff. He refused the requests presented in behalf of defendant."

Judgment was rendered upon these findings in favor of plaintiff for the amount left in defendant's hands after paying the judgment of the Dreskell-Jupp Paper Company.

Complaint is made because the trial court found as a fact " that on the execution sale said defendant received $275 in money." It appears from the record that the trial court found this fact from the following statement in the notice attached to defendant's plea:

" The defendant will show in his defense that he paid over before the commencement of said suit to the persons lawfully entitled thereto the moneys alleged in said declaration to have been received by him."

It is unnecessary to determine whether this statement was under Circuit Court Rule 7, subd. *e*, which subdivision reads, "Any statement of fact set forth in a notice added to a plea shall be treated as an admission by the defendant, and need not be proved by the plaintiff," an admission that defendant received the money for which he was held liable, because the inference that he is liable to account for such money must be drawn from his return of the execution. By that return, which is set forth in the stipulation of facts as well as in the findings of fact, it appears that defendant sold the goods and chattels levied upon to the Dreskell-Jupp Paper Company for the sum of $275.

It is true that it does not appear, by this return or otherwise, that defendant actually turned over the property sold to the purchaser. I regard this omission as unimportant. The return states that the property was sold. From this it must be inferred that the sale was completed; that all the title whatsoever—and this includes the right of possession—of the judgment debtor levied upon was transferred by the defendant to the purchaser. That title would not be transferred unless the property was turned over, or the amount bid paid. The return then means either that the property was turned over or that the amount bid was paid. In either case defendant was bound to account. *Heald* v. *Bennett*, 1 Doug. (Mich.) 513; *Robinson* v. *Brennan*, 90 N. Y. 208; *Studebaker* v. *Johnson*, 41 Kan. 326.

In reaching the foregoing conclusion we deny the claim of defendant that the rule which excuses a plaintiff who buys on an execution sale from paying the amount of his bid has any application to this case. That rule applies only where the plaintiff's bid does not exceed the amount due under his execution. He is excused from paying that amount because it belongs to him. In this case his bid was in excess of that amount. This excess did not belong to him, and it was obviously his duty to pay it.

Appellant's counsel also urge "that any balance over

and above the amount necessary to satisfy the Dreskell-Jupp Paper Company's judgment stood in place of so much of the property covered by the chattel mortgages." To this we cannot agree. Section 10318, 3 Comp. Laws, expressly provides that mortgaged property levied upon must be sold as a whole subject to the mortgage. See *Baldwin* v. *Talbot*, 46 Mich. 19. The sale under consideration was so made, and had no effect upon the rights of the mortgagees. The balance, therefore, belonged to plaintiff as the assignee of the defendant in the execution.

Defendant also contends that plaintiff was bound to make a demand before instituting this suit, and as the trial court found that she did not do so, judgment should be rendered against her. No demand was necessary. When this suit was instituted defendant was a wrongful holder of the money sued for because he held it contrary to the provisions of section 884, 1 Comp. Laws, which required him to return "the surplus to the person against whom the execution issued." No other question demands discussion.

Judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.