NEEDHAM et al. v. COONEY. (No. 381.)

(Court of Civil Appeals of Texas. El Paso. Feb. 4, 1915. On Rehearing, Feb. 25, 1915.)

1. EXECUTION ☞234 — SALE — PAYMENT OF BID—CREDIT ON JUDGMENT.

The rule that judicial sales must be for cash does not prevent the sheriff making a sale on execution from accepting a bid by the judgment creditor accompanied by a tender of credit on the judgment for the amount and payment of costs in cash.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 658; Dec. Dig. ☞234.]

2. EXECUTION ☞234 — SALE — PAYMENT OF BID—CREDIT ON JUDGMENT.

A judgment creditor who purchases at execution sale is not entitled to pay his bid by credit on the judgment where there are other liens on the property of equal dignity with his lien, or a contest over the proper disposition of the proceeds.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 658; Dec. Dig. ☞234.]

3. ATTACHMENT ☞61—PROPERTY SUBJECT—JUDGMENT.

Under Rev. St. 1911, art. 254, providing that attachment may be levied only on property subject to execution, it cannot be levied on a judgment in favor of the attachment defendant so as to deprive him of his right to give credit on the judgment for the amount bid by him at the sale.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 162–166; Dec. Dig. ☞61.]

4. EXECUTION ☞234 — SALE — PAYMENT OF BID—CREDIT ON JUDGMENT—ATTACHMENT.

The fact that a writ of attachment against a judgment creditor which was held by the sheriff, who sold land under the judgment, might be levied by him on any money coming into his hands as a result of the sale, does not authorize him to deny the judgment creditor the right to bid at the sale and give credit on the judgment for the amount of the bid; since the sheriff's primary duty in making the execution sale is to protect the judgment creditor's rights, not those of a stranger to the action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 658; Dec. Dig. ☞234.]

5. EXECUTION ☞231—SETTING ASIDE SALE—WRONGFUL REJECTION OF BID.

Where a sheriff at execution sale wrongfully refused to accept the judgment creditor's bid accompanied by a tender of credit on the judgment, and, instead, sold the property to a lower bidder, the creditor is not restricted to an action against the sheriff for damages, but may recover the title from the purchaser at the sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 652, 653; Dec. Dig. ☞231.]

6. EXECUTION ☞256—SETTING ASIDE SALE—RETURN OF PAYMENT.

Where a judgment creditor under whose execution several sections of land had been struck

off to a purchaser whose bid was lower than the creditor's as to all but three sections brought suit while the sheriff still retained the money to set aside the sale as to all but the three sections, and to recover the amount paid for them, he need not offer to repay the money paid to the sheriff for the other sections.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 723–733; Dec. Dig. ☞256.]

**7. APPEAL AND ERROR** ☞263 — QUESTIONS REVIEWABLE—PEREMPTORY INSTRUCTIONS—EXCEPTIONS.

Acts 33d Leg. c. 59, prescribing the manner of taking exceptions to instructions, applies to a peremptory instruction for one of the parties, where such instruction is given in writing, and there is no showing that counsel did not have an opportunity to examine it before it was read to the jury, and the giving of a peremptory instruction cannot be reviewed on appeal unless that act is complied with.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ☞263.]

**8. APPEAL AND ERROR** ☞719 — QUESTIONS REVIEWABLE—PEREMPTORY INSTRUCTION — FUNDAMENTAL ERROR.

The giving of a peremptory instruction does not raise a question of fundamental error or such an error apparent of record as requires consideration when not assigned and presented in the manner required by the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

**9. TRIAL** ☞181—PEREMPTORY INSTRUCTION—WAIVER OF ERROR—FUNDAMENTAL ERROR.

Under Acts 33d Leg. c. 59, which provides that any error in the general charge which is not pointed out and excepted to in the manner therein prescribed is waived and approved, error in giving a peremptory instruction, even if fundamental, is waived, unless exception thereto is taken in the prescribed manner; since even a fundamental error may be waived.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 406; Dec. Dig. ☞181.]

**10. EVIDENCE** ☞370 — DOCUMENTARY EVIDENCE — EXECUTION BY AGENT — PROOF OF AUTHORITY.

An assignment of a judgment executed by an agent of the judgment creditor is not admissible in evidence until the authority of the agent to assign the assignment has been proved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1559, 1560, 1562–1578, 1592; Dec. Dig. ☞370.]

**11. EVIDENCE** ☞143—RELEVANCY.

Evidence of ratification of an agent's acts which has no probative force on that issue was properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 424, 426–428; Dec. Dig. ☞143.]

**12. EXECUTION** ☞323—PROCEEDS OF SALE—LIEN.

Under Rev. St. 1911, art. 254, providing that attachment may be levied upon any property on which execution may be levied, and article 3740, providing that a levy on personal property is made by taking it into possession if the defendant is entitled to possession, or by giving notice of the attachment to one entitled to possession, an attachment lien attaches to the proceeds of an execution sale on a judgment in favor of the attachment defendant as soon as they come into the hands of the sheriff, who held both the execution and the attachment writs, and the sheriff cannot be compelled to pay the money to the attachment defendant and thereby destroy the lien.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 956–959; Dec. Dig. ☞323.]

**13. SHERIFFS AND CONSTABLES** ☞134—PROCEEDS OF EXECUTION SALE — RECOVERY — NECESSARY PARTIES.

In a suit to set aside a sale under execution of certain tracts which were struck off to one not the highest bidder, and to recover from the sheriff the amount paid for other tracts sold, which amount he was retaining because he held an attachment against the judgment creditor, the attachment plaintiffs are necessary parties to that part of the suit to compel the payment of the money; since their interests will necessarily be affected by any decree that may be rendered.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 275–277; Dec. Dig. ☞134.]

**14. APPEAL AND ERROR** ☞187—EXCEPTIONS — NECESSITY — FUNDAMENTAL ERROR — ABSENCE OF PARTIES.

The rendering of a decree without the presence of necessary parties is a fundamental error which can be considered on appeal, though not raised by any party, and it cannot be waived by the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1184–1139; Dec. Dig. ☞187.]

**15. APPEAL AND ERROR** ☞187—PRESENTING QUESTIONS BELOW—NECESSARY PARTIES.

Where the petition discloses on its face that there are necessary parties who were not made parties to the suit, the objection may be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1184–1189; Dec. Dig. ☞187.]

**16. SHERIFFS AND CONSTABLES** ☞134—ACTION — RECOVERY OF PROCEEDS OF EXECUTION—PARTIES.

Adverse claimants or lienholders need be made parties to a suit to compel the sheriff to deliver to the judgment creditor personal property which has come into his hands by virtue of an execution only where the circumstances are such that delivery of the property by the sheriff would destroy the lien or claim.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 275–277; Dec. Dig. ☞134.]

**17. APPEAL AND ERROR** ☞1172 — DISPOSITION OF CASE—REVERSAL IN PART.

Under Court of Appeals rule 62a (149 S. W. x), providing that, where an error affects a part only of the controversy, and the issues are severable, the judgment shall be reversed only as to the part affected by the error, a decree which allowed plaintiff, the judgment creditor, to recover from the purchasers at an execution sale lands which the sheriff had wrongfully struck off to defendants, though their bid was less than plaintiff's, and also to recover from the sheriff the amount paid by the purchasers of other tracts, and which was erroneous as to the latter relief, because creditors who had given the sheriff a writ of attachment against the plaintiff were not made parties, will be reversed only as to the latter part, and affirmed as to the rest.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. ☞1172.]

### On Rehearing.

**18. STIPULATIONS** ☞3 — SUBJECT-MATTER—EXCEPTIONS—NECESSITY—WAIVER.

Acts 33d Leg. c. 59, requiring objections to the court's charge to be specifically presented

before it is read to the jury and exception thereto taken, is intended to protect and guard against the commission of errors in the trial and to avoid unnecessary appeals, and agreements to waive its provisions should not be respected by the courts.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 2; Dec. Dig. ☞3.]

19. JUDGMENT ☞18—CONFORMITY TO PLEADINGS—ISSUES BETWEEN DEFENDANTS.

In a suit by a judgment creditor to recover property sold to a purchaser whose bid was lower than the creditor's, a judgment in favor of the purchaser against the sheriff for the amount paid, which was not supported by the pleadings, will be reversed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. ☞18.]

Harper, C. J., dissenting in part.

Appeal from District Court, Reeves County; Dan M. Jackson, Judge.

Action by P. Albert Cooney against Leslie A. Needham and others. Judgment for the plaintiff, and defendants appeal. Affirmed in part and reversed and remanded in part, and motion for rehearing overruled, except as to the judgment between the defendants.

John B. Dandridge and Leslie A. Needham, both of Chicago, Ill., and Ross & Hubbard and S. B. Pugh, all of Pecos, for appellants. Buck & Starley and Hefner & Cooke, all of Pecos, and Sherman M. Booth, of Chicago, Ill., for appellee.

HIGGINS, J. Cooney filed suit against Tom Harrison, sheriff of Reeves county, Leslie A. Needham, and the Trans-Pecos Land & Irrigation Company; the substance of the allegations in the petition necessary to a consideration of the questions presented by this appeal being that he had, recovered judgment against E. Leslie Cole in cause No. 781 in district court of Reeves county for $25,246.22, with foreclosure of lien on 12 sections of land upon which order of sale issued and sale of the land made thereunder; that at the sale plaintiff bid $9,000 for section 32, which was the highest bid therefor, and same was struck off to him for that amount; that he tendered the sheriff a credit of $9,000 upon his judgment in payment of his bid, and demanded a deed for the land; that the sheriff refused to accept the same in payment of his bid and demanded cash, which plaintiff was unable to pay, and the sheriff thereupon again offered the tract for sale, and same was struck off and conveyed to defendant Needham for the inadequate sum of $1,000; that, upon the sheriff refusing to accept the credit tendered in payment of his $9,000 bid, plaintiff instructed him to return the order of sale unexecuted, which he refused to do; that the sheriff proceeded to separately offer each of the remaining 11 sections for sale, and each of same were by the sheriff knocked down and sold to Needham; that upon the sale of each of said sections plaintiff made bids in excess of the

amount bid by Needham, and tendered to the sheriff, in compliance with his bids, a request that he credit same upon his judgment, except 3 sections—to wit, sections 21, 23, and 25—for which Needham bid and paid $300, $500, and $5,500, respectively, and for which sections Needham was the highest and best bidder; that all of the land was knocked down by the sheriff and deeded to Needham at grossly inadequate prices, except 21, 23, and 25; that Needham had conveyed said land to the Trans-Pecos Land & Irrigation Company, which took it subject to a lis pendens notice of plaintiff's suit and with actual notice of all the facts; that the reason assigned by the sheriff for refusing to accept the tendered credit upon the judgment in payment of plaintiff's bids was the claim by the sheriff that he held a writ of attachment on the judgment in said cause No. 781, and therefore would only accept cash bids; that the attachment held by the sheriff had been issued in a cause pending in the district court of Reeves county, No. 1293, styled F. O. Van Deren, Trustee, et al. v. P. Albert Cooney; that no judgment had ever been rendered foreclosing any attachment lien in said cause No. 1293; that Needham was acting in conspiracy with Chas. H. Thorpe, one of the plaintiffs in cause No. 1293, for the purpose of preventing plaintiff from bidding at said sale, and enabling Needham to purchase said lands at an inadequate price; that plaintiff tendered the sheriff a sufficient sum to cover all commissions due him upon the sale and all costs, and demanded of the sheriff deeds to all of said sections, except 21, 23, and 25, which the sheriff refused; that no part of the money paid by Needham to the sheriff has been paid to the plaintiff, and same was still in the hands of the sheriff; that the aggregate amount bid by Needham and paid to the sheriff on the 9 sections for which he was not the highest bidder aggregated $2,195, and that said 9 sections were worth $22,800; that plaintiff was the highest and best bidder for all of said 9 sections, and the bids of Needham were therefore void.

Plaintiff, in his petition, tendered the aggregate of his bids on said 9 sections as a credit upon his judgment; also tendered costs of suit and sheriff's commissions, and asked judgment against the sheriff for $6,300 received by him from Needham as the purchase price of sections 21, 23, and 25; also prayed judgment against Harrison, Needham, and the Trans-Pecos Land & Irrigation Company canceling the sheriff's deeds to the other 9 sections, and for decree vesting title to the land in plaintiff.

Appellants interposed general and special exceptions, a general denial, and special plea that plaintiff was not entitled to have his bids accepted by the sheriff and applied towards the satisfaction of the judgment in

cause No. 781; that on February 4, 1913, plaintiff had caused and procured said judgment to be assigned to the First National Bank of Pecos, which assignment was placed of record and noted on the margin of the minutes of said judgment prior to the date of the sale, and the First National Bank was the owner of the judgment on the day of sale, which the defendant Needham announced; that plaintiff failed to deny it, and is now estopped, and had no right at said sale to tender any bid as a credit upon said judgment; that he had failed to file any replevin bond with the sheriff in cause No. 1293, and thereby release said attachment and garnishment.

Plaintiff filed a supplemental petition, alleging that he was the owner of said judgment in cause No. 781 at the time of the sale, and denying that the assignment was executed by him or by his authority.

The pleadings are inexcusably voluminous. Since the questions discussed arise almost exclusively upon exceptions, we have stated same in greater detail than is ordinarily necessary, and have stated all that is material to a consideration of the correctness of the disposition made of the exceptions.

Upon trial the jury was peremptorily instructed to return a verdict:

"First. In favor of the plaintiff, P. Albert Cooney, against the defendants, Leslie A. Needham, the Trans-Pecos Land & Irrigation Company, and Tom Harrison, for sections Nos. 27, 29, 32, 33, 35, 39, all in block No. 2, and sections Nos. 3, 5, and 7, all in block No. 3, all in Houston & Great Northern Railway Company survey, Reeves county, Tex., and being part of the lands described in plaintiff's petition. * * *

"Fourth. In favor of the plaintiff against the defendant Tom Harrison, sheriff, for the sum of $5,282, being a part of the money now held in his hands derived from the sale in cause No. 781, styled P. Albert Cooney v. E. Leslie Cole et al., and being the difference between the aggregate amount of plaintiff's bids on the first above nine sections of land and his judgment in said cause No. 781, directing that the said defendant Tom Harrison, sheriff, turn over and deliver to the plaintiff the said sum of money. * * *"

Verdict was returned in conformity with this instruction, and judgment thereon rendered, from which the defendants have appealed.

Under their first assignment they complain of the overruling of an exception to the petition; the proposition urged in support thereof being that, in making sale of the lands under the order of sale issued in cause No. 781, the sheriff was not obligated at his peril to accept plaintiff's tender of a credit upon the judgment in said cause when he had in his hands a writ of attachment against Cooney, but had the right to demand the payment of cash in satisfaction of all bids made.

[1] It is often broadly stated that judicial sales must be for cash. It is apprehended this general statement of the rule means only that such sales cannot be made upon credit without special statutory provision or decretal direction, and the general rule thus stated is not intended to apply in the case of or to preclude the right of an execution creditor to apply the amount of his bid as a credit upon his judgment.

Freeman, in his treatise upon Executions says:

"Under ordinary circumstances, the officer need not, and ought not, to receive any other than an unconditional cash bid. But he ought to remember that the writ is taken out and levied for the benefit of the plaintiff, and that the wishes and interests of the latter, when he is indisputably entitled to the proceeds of the sale, should be respected, unless he insists upon something tending unnecessarily to prejudice or oppress the defendant. Hence the plaintiff should be allowed to accept payment in any manner satisfactory to himself. If the plaintiff becomes the purchaser, the officer ought not to exact payment in coin from him when he is clearly entitled to the proceeds of the sale." 2 Freeman on Executions (2d Ed.) § 301.

Our Supreme Court quoted a portion of the foregoing excerpt in Blum v. Rogers, 71 Tex. 668, 9 S. W. 595, and added:

"It would be an idle ceremony if the plaintiff, on buying at a sale for his benefit, should be required to actually hand over to the sheriff the money to be returned at once. The receipt of the plaintiffs acquits the sheriff equally with his bringing into court the proceeds of sale with the execution under which they are made."

In Nichols v. Ketcham, 19 Johns. (N. Y.) 92, it is said:

"It would be unreasonable and injurious to debtors, as well as creditors, to insist that the creditor on the execution should advance money on his bid, when the sole object of the sale, is to put money in his pocket, by paying a debt due to him."

So it may be said to be the well-settled rule that, where the judgment creditor becomes the purchaser at an execution sale, the officer should, at his direction, credit the amount of his bid upon the execution, if the costs are paid in cash. 27 Cyc. 1702, 1703; Fowler v. Pearce, 7 Ark. 28, 44 Am. Dec. 526; Russell v. Gibbs (N. Y.) 5 Cow. 390; Kershaw v. Delahoussaye (La.) 9 Rob. 77; Munger v. Sanford, 144 Mich. 323, 107 N. W. 914; Boots v. Ristine, 146 Ind. 75, 44 N. E. 15; Robertson v. Van Cleave, 129 Ind. 217, 26 N. E. 899, 29 N. E. 781, 15 L. R. A. 68; Sweeney v. Hawthorne, 6 Nev. 129; Thorpe v. Beavans, 73 N. C. 241; Small v. Small, 16 S. C. 64; Cobb v. Pressly (S. C.) 2 McMul. 416.

To hold otherwise would be particularly disastrous to mortgage and lien creditors, for they would in many instances be unable to protect their security. It would also work a hardship upon debtors, and often result in their property being sold under execution for less than the judgment creditor would be willing to allow as a credit. It seems clear that it is to the plain detriment of both creditor and debtor to invest the officer making an execution sale with the absolute and unfettered right to demand payment in cash of a bid made by the plaintiff in the writ. This case illustrates the hardship such

a holding may entail upon both parties; as it appears the property upon which Cooney's lien was foreclosed was struck off to a stranger, over his protest, for many thousand dollars less than he would have been willing to pay had he been allowed to credit the amount of his bid upon the writ.

[2] The rule which thus allows the plaintiff in the writ, who becomes the purchaser, to credit his bid upon his judgment, paying costs in cash, is, however, subject to an exception where there are other liens on the property sold, of equal dignity with the lien of the judgment creditor, or a contest otherwise over the proper disposition to be made of the proceeds, in which case the officer may require him to pay over the purchase money in order that he may deposit the same in court to await a judicial decision as to the distribution thereof. Fowler v. Pearce and Russell v. Gibbs, supra.

So the question in this case resolves itself into a consideration of whether the exception noted applies by reason of the mere fact that the sheriff had in his hands at the time of sale an attachment against Cooney issued in pending cause No. 1293, Van Deren v. Cooney.

[3] An attachment may be levied on such property as is by law subject to execution, and none other. Article 254, R. S. It is quite elementary and too plain for argument that the judgment in Cooney's favor, and by virtue of which the sale was made, was not subject to execution, and, of necessity, no attachment lien could attach thereto, nor could an interest therein of any kind be created by the mere lodgment of the attachment in the sheriff's hands. McClane v. Rogers, 42 Tex. 214, 218. In the absence of statutory provision and direction as to procedure, it is impossible to conceive of any manner in which an officer could seize and levy upon the judgment of a court. Any supposed attempt to do so would be an obvious and complete nullity. There is no possible theory upon which any claim in or to the judgment could be predicated upon the attachment in the sheriff's hands. It created no adverse or conflicting claim whatever, and Cooney's clear and unincumbered right was in no wise affected thereby. There being no adverse or conflicting claim in or to the judgment; it of necessity follows that Cooney had the right, in payment of his bid, to tender a credit upon the same, and the sheriff, in refusing to accept it, plainly exceeded his authority.

[4] But it is argued that, under the decisions of our courts, money coming into the hands of an officer belonging to a party against whom the sheriff has an execution may be levied upon by such officer and applied to the satisfaction of the execution (Hamilton v. Ward, 4 Tex. 356; Mann v. Kelcey, 71 Tex. 609, 12 S. W. 43, 10 Am. St. Rep. 800; McClane v. Rogers, supra), and

therefore, under article 254, R. S., money coming into an officer's hands likewise would be subject to attachment. This is true, but it is quite beside the question, so far as recovery of the nine sections of land is concerned. The question here is whether the officer had a right to require payment in cash of a bid made by the judgment creditor at a sale under a judgment in his favor foreclosing his lien, when he was the undisputed owner of the judgment and beyond all question entitled to the proceeds of the sale. The fact that any money which might have reached the sheriff's hands belonging to Cooney might possibly have been subject to levy under the attachment, would in no wise alter the fact that Cooney was indisputably the owner of the money. Appellant's argument necessarily rests upon the premise that the sheriff had the right to demand cash in payment of bids made at the sale under the foreclosure decree in cause No. 781, so that funds would come into his hands which would belong to Cooney, and to which an attachment lien would attach in favor of the plaintiffs in cause No. 1293.

The appellant's contention necessarily resolves itself into the view indicated, and it is unsound. We are referred to no authority in support thereof, and it cannot be upheld. In the execution of the order of sale in cause No. 781 the primary duty of the officer was to the plaintiff and defendant therein to make the property bring as much as possible. Had he observed that duty, nine sections would have been bid in by Cooney for very much more than Needham bid and paid. For one section alone Cooney bid $10,000, and it went to Needham for the paltry sum of $1,000. Instead of discharging his primary duty under this writ to the plaintiff, Cooney, and defendant Cole, he absolutely and completely subordinated it to the interest and possible rights of plaintiffs in cause No. 1293, a suit wholly separate and distinct and which might or might not eventually result in a judgment in favor of such plaintiffs. Upon no sound theory can it be held that the rights of Cooney, plaintiff, and defendant E. Leslie Cole, in cause 781, could be thus subordinated to the speculative rights of entire strangers to that suit. The course pursued by the sheriff resulted in Cooney being unable to protect his security, and in Cole having a large amount remaining unpaid upon the judgment for which he was liable under ordinary execution. If sheriffs are to be invested with absolute power to disregard the right of a judgment creditor to credit the amount of his bid upon the execution, then such a creditor could never rely upon his ability to protect his security unless he was prepared to pay the amount of his bid in cash. To so hold would be disastrous to creditors and debtors as well, and will not be permitted. The door would be opened wide to the perpetration of the gross-

est frauds. We therefore hold that the sheriff exceeded his authority in refusing to allow Cooney to satisfy his bid by tendering credit upon his judgment, and the exception under consideration was properly overruled by the trial court.

[5] Error is next assigned to the overruling of an exception; the proposition urged in support thereof being that:

"Where a judgment creditor at a sheriff's sale of real estate thereunder bids upon the real estate and tenders to the sheriff his bid as a credit upon his judgment, in lieu of cash, and also tenders cash sufficient to cover sheriff's fees, commissions, and costs of suit, all of which the sheriff wrongfully refuses to accept, and immediately resells the real estate to a third party for cash (for less than such creditor's bid), and executes sheriff's deeds to such purchaser, the judgment creditor's remedy is for damages against the sheriff and his sureties, and not against such purchaser at the sale, to set aside such sale, or to recover title to the real estate."

This is not a correct proposition of law. Upon the contrary, the execution purchaser may be sued and the title recovered.

[6] Error is also assigned by appellant Needham to the overruling of another exception questioning the sufficiency of the petition because it does not tender the $2,196 paid by him to the sheriff in payment for the nine sections struck off to him.

The cases cited in support thereof were instances where the consideration paid by the purchaser had been received by, or inured to the benefit of, the party seeking to set aside the sale. They have no application here, and it was not incumbent upon Cooney to make such tender. It does not appear that he had accepted the money so paid by Needham, and the situation was created over his protest and in fraud of his rights.

[7] It is also assigned as error that the peremptory instruction was improperly given. It is overruled, because the record does not show exceptions to have been taken as required by Acts Thirty-Third Legislature (Reg. Sess.) c. 59, p. 113. It is urged the act does not apply to a peremptory instruction, and it has been so held by the Amarillo court in Owens v. Corsicana, etc., 169 S. W. 192, and Henderson v. Gilbert, 171 S. W. 304. On the other hand, it has been held by several other courts that it does apply. Railway Co. v. Wheat (Ft. Worth) 173 S. W. 974, not yet officially reported. Railway Co. v. Feldman (Austin) 170 S. W. 133; Case v. Folsom (Dallas) 170 S. W. 1066.

In Railway Company v. Wheat, supra, Judge Talbot said:

"In Owens v. Corsicana Petroleum Co., 169 S. W. 192, the Court of Civil Appeals for the Seventh District held that the act of 1913 did not apply to the action of the court in giving a peremptory instruction in favor of one of the parties, but no authority is cited in support of the conclusion reached by that court, and we think the case should be limtied to its own facts, which are that the peremptory charge given was oral, as appears from the original briefs in the case, and hence not submitted to counsel for examination and objection, as required by the act of 1913. In such case it may well be held that the legislative act would not be applied. For the act expressly provides that opportunity shall be given counsel to examine the court's charge and to present objections thereto before it is given to the jury, and, when such opportunity is denied by the trial court, an appellate court doubtless is not without power to grant relief. Nor do we wish to be understood as holding that the act applies to mere directions to the jury incidentally arising during the course of a trial which are not required by the law to be in writing, and which do not relate to the law of the case. But here the charge was in writing, and no lack of opportunity to properly except to its refusal appears. The statute is explicit. It says: 'The ruling of the court in giving, refusing or qualifying of instructions to the jury shall be regarded as approved, unless excepted to as provided for in the foregoing article.' Laws 1913, p. 114. The act is not only explicit, but it is also mandatory in its terms. Nor is it limited to any particular character of charge. A peremptory charge to end the controversy by a verdict on the merits in favor of one of the litigants seems certainly within the broad terms of the statute, and in its essence is a concrete statement on the part of the court of the controlling law of the case. In this state it has frequently been held that, to be available on appeal, exception must be reserved to errors in the court's general charge, as well, also, as to the refusal upon the part of the trial court to submit certain special issues. See Roberds v. Lancy, 165 S. W. 114; Ross v. Jackson, 165 S. W. 513; Railway Co. v. Galloway, 165 S. W. 546; Railway Co. v. Crutchfield, 165 S. W. 551; Saunders v. Thut, 165 S. W. 553; Johnson v. Hoover, 165 S. W. 900; Railway Co. v. Wadsack, 166 S. W. 42; McKensey v. Imperial Irrigation Co., 166 S. W. 495; Railway Co. v. McCall, 166 S. W. 925; Railway Co. v. Sharpe, 167 S. W. 814; Lester v. Hutson, 167 S. W. 321; Ford Motor Car Co. v. Freeman, 168 S. W. 80; Lakeside Irr. Co. v. Buffington, 168 S. W. 21; Taylor v. Butler, 168 S. W. 1004; Heath v. Huffhines, 168 S. W. 975; Cleburne Street Railway Co. v. Barnes, 168 S. W. 991; Saunders Live Stock Commission Co. v. Kincaid, 168 S. W. 977; Railway Co. v. Mallard, 168 S. W. 944; Railway Co. v. Brown, 168 S. W. 866; Railway Co. v. Tomlinson, 169 S. W. 217. While in none of the cases cited does it appear that the court was called upon to act upon the giving or refusing of a peremptory instruction, it seems that the rule in the federal courts under their practice acts, from which it is said the act of 1913 was taken, is applied without distinction between peremptory and other instructions. Mexico Int. Land Co. v. Larkin, 195 Fed. 495 [115 C. C. A. 405]; Emanuel v. Gates, 53 Fed. 772 [3 C. C. A. 663]; Potter v. U. S., 122 Fed. 49 [58 C. C. A. 231]; Robinson v. Van Hoosen, 196 Fed. 620 [116 C. C. A. 294]; Gering v. Leyda, 186 Fed. 110 [108 C. C. A. 222]; Sutherland v. Round, 57 Fed. 467 [6 C. C. A. 428]. So that we see no satisfactory reason for holding that the charge or instruction under consideration is not within the purview of the act of 1913, or why we should, as to it, disregard the mandate of the Legislature to the effect that, in the absence of a proper exception, the action of the court in refusing it shall be regarded as approved."

This reasoning seems to us to be conclusive, and to hold that the act does not apply to a written peremptory charge would be in violation of the plain legislative mandate, and would by judicial construction impose an exception not authorized by its language. The words of a statute, if of common use,

are to be taken in their natural, plain, and ordinary signification. 2 Lewis' Sutherland, Statutory Construction (2d Ed.) § 358. Undoubtedly, "the charge to the jury on the law of the case" would embrace a peremptory instruction, as it is but a concrete statement by the court of the law of the case and instruction to apply it. It may be that good reasons may be suggested why such an instruction should be excepted from the operation of the statute, but, if so, such exception must be made by the Legislature, and cannot be supplied by judicial construction.

[8] But it is further suggested the giving of a peremptory instruction raises a question of fundamental error. In Irving v. Railway Co., 164 S. W. 910, Railway Co. v. Kinkel, 158 S. W. 214, and some other cases this court so treated it, but this was done in deference to the holding in certain cases there mentioned, and for the purpose of avoiding a conflict of decision with other courts. It was expressly stated that we did not concur in the view that the question was fundamental. In Railway Co. v. Wheat, supra, in an able discussion of the subject, it is expressly held that it is not a fundamental error or such an "error apparent of record" which requires its consideration without an assignment and regardless of the act of 1913. This creates a direct conflict of opinion between the Ft. Worth court and some of the other courts, and the exigency and consideration no longer exists which impelled this court to treat the question as of a nature necessary to be disposed of regardless of compliance with the rules governing the presentation of cases upon appeal. We should, therefore, and will, no longer treat the giving of such a charge as raising a question of fundamental error, or as such an error apparent of record as requires consideration when not assigned and presented in the manner required by the rules.

[9] In this connection it may be further said that, under the act of 1913, any error in the general charge is waived and approved unless pointed out and excepted to in the manner prescribed. See those portions of the act amending articles 1971 and 2061. It is of no consequence whether or not it be regarded as fundamental error or error apparent of record. In either event it would be regarded as waived. A fundamental error requires consideration by the reviewing court, whether or not it be properly assigned and briefed. Cases cited in 2 Michie Dig. 1914 et seq. The same rule applies to an error which may not be strictly fundamental, but which is apparent upon the face of the record, prominent in its nature, and one upon which the very right and justice of the case depends. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Harris v. Petty, 66 Tex. 514, 1 S. W. 525; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Coburne v. Poe, 40 Tex. 410; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W.

518; Adams v. Faircloth, 97 S. W. 507; Bexar v. Newman, 25 S. W. 461; Hahl v. Kellogg, 42 Tex. Civ. App. 636, 94 S. W. 388. Fundamental errors and errors apparent of record may be waived like other errors, unless they be of a nature that cannot be waived, as, for instance, an erroneous assumption of jurisdiction over the subject-matter. McKenzie v. Irr. Co., 166 S. W. 495. The nature of the error in either of the respects indicated is important only when it has not been properly assigned as error, or has not been properly briefed. In such case the question must nevertheless be passed upon by the appellate court and the error corrected. No other significance attaches to such errors, and there is nothing which would forbid them from being treated as waived under certain circumstances. The nature of the error, therefore, is important only as affecting a question of appellate practice. It in no wise relates to or has any bearing upon the intrinsic merits of the question presented. The contention made is simply sustained or overruled, uninfluenced by any consideration as to whether it has been properly assigned and briefed.

It follows, therefore, that it is immaterial whether or no the giving of a peremptory instruction is to be regarded as fundamental error. In either event, under the statute, it must be treated as waived, unless proper exception was taken in the manner prescribed.

[10, 11] Various assignments complain of the exclusion of evidence. As to the assignment of the judgment in cause No. 781, the authority of the agent to execute the same was not shown, and until such proof had been made it could not properly be admitted. As to the excluded evidence offered to prove ratification of the assignment, it was properly excluded, because it was without probative force upon the issue. The assignments are therefore overruled.

Appellant Harrison's third assignment is overruled. The propriety of the instructed verdict against him for the nine sections of land for which Cooney was the highest bidder was not excepted to, and, under our holding above, the evidence therefore cannot be reviewed for the purpose of determining the propriety of such instruction and correctness of the verdict and judgment based thereon.

[12] What has heretofore been said relates more especially to the issues between the parties as shown by the first paragraph of the court's peremptory charge. We come now to the consideration of the issue between Cooney and Harrison, the sheriff, involving Cooney's right to recover of Harrison $5,282, a part of the money in the latter's hands derived from the sale in cause No. 781, and which the court peremptorily instructed should be found in Cooney's favor. As is above stated, the petition discloses that an attachment against Cooney was issued in

Van Deren et al. v. Cooney (No. 1293), and was in the hands of the sheriff when this money belonging to Cooney came into his hands. Under the provisions of article 254, this money was subject to the writ in favor of Van Deren et al. Hamilton v. Ward, Mann v. Kelcey, and McClane v. Rogers, all supra. The attachment lien of Van Deren et al. attached to this money when it came into the sheriff's hands (article 3740, R. S.), and, if he should be required to pay it to Cooney, this lien would be lost and destroyed.

[13] Necessary or indispensable parties includes all persons whose interests will necessarily be affected by any decree that may be rendered. 15 Am. & Eng. Ency. Pl. & Pr. 611, 612; Cook v. Pollard, 70 Tex. 723, 8 S. W. 512; Summerlin v. Reeves, 29 Tex. 88; Waldrep v. Roquemore, 127 S. W. 248. Van Deren et al., therefore, had such an interest in this portion of the subject-matter of the litigation between Cooney and the sheriff as would make them indispensable parties. Cook v. Pollard, 70 Tex. 723, 8 S. W. 512; Freiberg v. Freiberg (Sup.) 19 S. W. 791. And a court should not enter a decree when it is apparent that it cannot definitely settle the rights of the parties or make a final disposition of the subject of the litigation. Buffalo, etc., v. Burly, 45 Tex. 6. When a necessary and indispensable party is omitted, the court will itself raise the objection, and should refuse to proceed to judgment until the defect is cured. 15 Am. & Eng. Ency. Pl. & Pr. 687; 30 Cyc. 141; 16 Cyc. 188; Ebdell v. Bursinger, 70 Tex. 120, 8 S. W. 77; Buffalo v. Bruly, supra; Railway Co. v. Culberson, 68 Tex. 664, 5 S. W. 820. The principle upon which the rule is based underlies the administration of justice, and is that no proceedings shall take place with respect to the rights of any one without affording him an opportunity to be heard. 15 Am. & Eng. Ency. Pl. & Pr. 616; Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599; Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825; McPike v. Wells, 54 Miss. 155.

[14] This defect of parties is perhaps raised by an exception urged by the sheriff to the petition and presented here by his second assignment, but, had it not been in any wise called to the attention of this or the lower court, the decree as to this phase of the case could not be permitted to stand. It affords an example of fundamental error which the parties litigant cannot waive. Buie v. Cunningham, 29 S. W. 801; 30 Cyc. 144. The court sua sponte, if need be, must take cognizance of it, and correct it, not for the benefit of the parties litigant, but for the benefit of individuals whose interests are injuriously affected by the judgment entered, and who are not before the court. Their rights, of course, could not be waived by the parties litigant, and, if attempt be made to do so, the court must not permit it, and should protect their rights by refusing to proceed to judgment unless the defect be cured.

[15] The face of the petition disclosing that the attaching creditors were indispensable parties, the question may be first raised upon appeal. Monday v. Vance, 11 Tex. Civ. App. 374, 32 S. W. 559; Ebdell v. Bursinger, supra.

[16] From what has been said as to the necessity of making Van Deren et al. parties to this proceeding, it does not necessarily follow that adverse claimants or lienholders must in all instances be made parties to a proceeding against a sheriff to compel him to restore to the plaintiff in a writ ordinary personal property which has come into the possession of the sheriff by virtue of such writ. As to such, the rights of the adverse claimants of lienholders would not be affected by such surrender, but as to the money, recovery of which is here sought, a different rule would apply, as it is obvious that a decree compelling the sheriff to surrender the same to Cooney would dispose of the fund in such a manner as would absolutely destroy the attachment lien; for, of course, the lien would be lost if the money passed from the possession of the sheriff to Cooney.

[17] This error as to defect of parties affects only a part of the matter in controversy, and the issue in respect thereto is entirely severable, and in no wise affects the remaining issues. This requires an affirmance in part and a reversal in part. Court of Civil Appeals Rule 62a (149 S. W. x); Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Railway Co. v. Enos, 92 Tex. 577, 50 S. W. 928; Wimple v. Patterson, 117 S. W. 1034.

The judgment is therefore in all things affirmed, except as respects the issue of Cooney's right to recover of Harrison the money in the latter's hands derived from the foreclosure sale on October 7, 1913, in cause No. 781, entitled P. Albert Cooney v. E. Leslie Cole et al.

As to this issue, and this alone, the judgment is reversed and remanded; such issue to be tried when necessary parties have been joined.

Affirmed in part and reversed and remanded in part.

HARPER, C. J. I concur in the opinion of the majority of the court that the judgment shall be affirmed as rendered in the lower court, in setting aside the sale to Needham, decreeing the sale to Cooney, and to credit the amount of his bids upon his judgment against Cole; but differ with my Brethren in their holding that Van Deren et al., as attaching creditors of Cooney, are necessary parties to this action. Mr. Pomeroy defines "necessary parties" to be "those without whom no decree at all can be effectively made determining the principal issues in the cause."

I recognize that, if there were a number of attaching creditors, as in the case of Cook v. Pollard, 70 Tex. 723, 8 S. W. 512, it would be necessary to make all of them parties in order to determine the priority of

lien, and in order to distribute the funds held to all those interested.

Or, as in the case of Buffalo, etc., v. Bruly, 45 Tex. 6, where a partition of land was prayed for, and it was discovered that other parties had an interest in the land, no valid decree of partition could be decreed without all persons interested being made parties, and, if I am correct in my analysis of the cases cited in the original opinion, they all have some similar question which determined the issue of necessary parties.

No person, except Cooney and Van Deren et al., claim any interest in the fund. Sheriff Harrison expressly disclaimed any personal interest in it, and there is a suit pending between Van Deren and Cooney in the same court in which their respective rights can and should be determined. After a decree in the latter suit is entered, if it be a judgment for plaintiff, foreclosing their attachment lien, then Harrison would be directed to deliver the money accordingly. If defendant, Cooney, recovers, then the attachment would be dissolved, and by motion, under article 3775, Rev. Civ. Stat. 1911, the sheriff would be ordered to deliver to Cooney. Upon failure to do so, he and his bondsmen are subject to suit. De la Garza v. Booth, 28 Tex. 478, 91 Am. Dec. 328.

In my opinion, it is not proper nor expedient for Van Deren et al. to be required to mix their—an entirely independent—cause of action with this one. They may already have prosecuted their suit to judgment, or might be able to do so before this case is finally disposed of upon appeal, etc. The authorities assert the rule to be that in such case the hearing as to Harrison should be postponed to await the action of the court in the case of Van Deren v. Cooney. Rieden v. Kothman, 73 S. W. 425; Corpus Juris, vol. 1, pp. 55, 56; Ruling Case Law, vol. 1, pp. 16, 17; 20 Cyc. 1109.

The cause should be reversed as to that portion against Harrison, for $5,282, and the proper practice is that the trial court should postpone further hearing as to this fund to await the outcome of the cause of Van Deren v. Cooney, thereby avoid complicating wholly different and separate causes of action, and avoiding two judgments against Harrison for the same money, to which he makes no claim in his own right.

### On Rehearing.

HIGGINS, J. [18] It is insisted that, in view of an agreement appearing in the record, we erred in applying the provisions of chapter 59, Acts Thirty-Third Legislature, because it was agreed by the parties that the case should be tried "under the old law." Referring to the agreement, we find it is simply a waiver of verified pleadings required by chapter 127, Acts of said Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829b) and does not relate to chapter 59. Furthermore, the provisions of chapter 59 are intended to protect and guard against the commission of errors in the trial court's charge, and, to avoid unnecessary appeals and reversals, agreements to waive its provisions should not be respected by appellate or trial courts. Railway Co. v. Wadsack, 166 S. W. 42.

A vigorous attack is also made upon the correctness of the position assumed in overruling the assignments complaining of the peremptory instruction. We adhere to the view expressed in the original opinion. But in any event it would follow from our holding upon the other assignments that the peremptory instruction was properly given.

[19] Verdict and judgment were rendered in Needham's favor against Harrison for $2,196; the same being the amount paid by Needham at the execution sale for the nine sections decreed to Cooney. Upon motion for rehearing our attention for the first time is directed to the fact that this portion of the verdict and judgment finds no support in the pleadings. An inspection of the pleadings discloses that Needham made no attempt to state a case against Harrison, and asked no relief whatever against him. With the pleadings in this condition, the judgment in his favor against Harrison must be regarded as a nullity. Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882; Railway Co. v. Skeeter, 44 Tex. Civ. App. 105, 98 S. W. 1064; Watt v. Parlin, etc., 44 Tex. Civ. App. 439, 98 S. W. 428. It is the duty of this court to now set it aside.

The order heretofore made disposing of this case will be therefore amended, so as in all things, to affirm the judgment of the court below, except: First, the said judgment in Needham's favor against Harrison for said sum of $2,196; and, second, as respects the issue of Cooney's right to recover of Harrison the money in the latter's hands derived from the foreclosure sale on October 7, 1913, in cause No. 781, entitled P. Albert Cooney v. E. Leslie Cole et al.

In these two respects only is said judgment reversed and remanded. Needham's right to recover said $2,196 shall be tried if proper pleadings be filed raising the issue. The issue indicated between Cooney and Harrison shall be tried when the necessary parties have been joined.

Except as herein indicated, the motions for rehearing are overruled.