MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
H. B. ENOS ET AL.

No. 780. Decided April 10, 1899.

**1. Case Approved.**

The ruling of the Court of Civil Appeals in this case upon the assignment presented by the Missouri, Kansas & Texas Railway Company of Texas, approved. (P. 579.)

**2. Judgment—Joint Defendants—Reversal as to One.**

The Court of Civil Appeals, in case of recovery against two tort feasors jointly, may reverse as to one and affirm as to the other, where error is shown affecting only one appellant and a proper decision of the case as to one is not dependent upon the judgment as to the other. (Pp. 579, 580.)

**3. Same—Costs.**

The party against whom judgment is affirmed, while reversed as to its coappellant, should not be taxed with the costs incurred in prosecuting the suit against the latter. (P. 580.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Ellis County.

The Missouri, Kansas & Texas Railway Company of Texas obtained writ of error upon a judgment of the Court of Civil Appeals affirming as

to it, but reversing as to its coappellant, the Fort Worth & New Orleans Railway Company, a judgment recovered against them jointly in the trial court.

*T. S. Miller* and *G. C. Groce*, for plaintiff in error.—We contend that under a proper construction of our statutes and decisions, whether the doctrine of noncontribution between joint tort feasors applies or not, (1) that this court has no right in this character of case to reverse and remand as to one defendant and affirm as to the other; (2) that if the court has the power thus to dispose of the case, such power is not an obligatory duty, and should not have been in this instance; and we further contend, (3) that the court is in error in holding in this instance that the doctrine of noncontribution applies.

Has this court the power in this character of case, under a proper construction of our statutes and decisions, to reverse and remand as to one appellant and to affirm as to the other? Cuddy v. Horn, 46 Mich., 603; Tompkins v. Railway, 66 Cal., 163; Stone v. Dickinson, 5 Allen, 29; Seltz v. Unna, 73 U. S., 327; Seither v. Transfer Co., 4 Law. Rep. Ann., 54; Powers v. Irish, 23 Mich., 438; McDonald v. Wilkie, 13 Ill., 26; Rev. Stats., arts. 1027, 1333, 1335, 1336; Silliman v. Gano, 90 Texas, 649; Wootters v. Kauffman, 67 Texas, 496; Schintz v. Morris, 35 S. W. Rep., 516; Hamilton v. Prescott, 73 Texas, 566; Burleson v. Henderson, 4 Texas, 59; Wood v. Smith, 11 Texas, 367; Willie v. Thomas, 22 Texas, 175; Dickson v. Burke, 28 Texas, 117; McRea v. Williams, 58 Texas, 328; Bradford v. Taylor, 64 Texas, 169; Hopson v. Murphy, 4 Texas, 248; Burke v. Cruger, 8 Texas, 67; Houston v. Ward, 8 Texas, 124; Acklin v. Paschal, 48 Texas, 147; Robinson v. Schmidt, 48 Texas, 13; Wootters v. Kauffman, 67 Texas, 496; Nasworthy v. Draper, 9 Texas Civ. App., 650; Giddings v. Baker, 80 Texas, 312; Boone v. Hulsey, 71 Texas, 183; Schuster v. Bauman, 79 Texas, 179; Chamberlain v. Pybas, 81 Texas, 511; Beer v. Thomas, 34 S. W. Rep., 1011; Porter v. Martyn, 32 S. W. Rep., 731.

If it is not an obligatory duty on this court to dispose of this case as has been done, then our next contention is: If this court has the power to affirm as to one appellant and reverse and remand as to another in cases of this character, should the power have been exercised as was done in this case? Seltz v. Unna, 73 U. S. (6 Wall.), 336; Schmick v. Noel, 64 Texas, 410.

The court in no event had a right to affirm the judgment below as to all costs, or any fixed amount of such costs, against our client. This court erred in holding that in this case the rule of noncontribution between joint tort feasors applies. Jacobs v. Pollard, 10 Cush. (64 Mass.), 288; Bailey v. Bussing, 28 Conn., 455; Note to Village of Carterville v. Cook, 16 Am. St. Rep., 248; Armstrong Co. v. Clarion Co., 5 Am. Rep., 368; Vandiver v. Pollack, 54 Am. St. Rep., 122; Pearson v. Skelton, 1 M. & W., 504; Farwell v. Becker, 129 Ill., 261; Horbach v. Elder, 18 Pa. St., 33; Railway v. Railway, 83 Texas, 515.

*M. B. Templeton* and *Lancaster & Beall,* for defendant in error.—(1.) In an action for a tort produced by the independent acts of two wrong-doers, a recovery against one is in no manner dependent upon a recovery against the other. (2.) In such a case where recovery is had as to both, and upon appeal error is found affecting but one, the Court of Civil Appeals and this court should reverse and remand as to the one affected by such error and affirm as to the one not affected thereby. Giddings v. Baker, 80 Texas, 312; Hamilton v. Prescott, 73 Texas, 566; Porter v. Martyn, 32 S. W. Rep., 731; Miller v. Sullivan, 89 Texas, 480; Cotton v. Coit, 31 S. W. Rep., 1061; Boone v. Hulsey, 9 S. W. Rep., 531; Black on Judg., sec. 207.

The general rule is that there is no contribution among joint wrong-doers. The right to contribution among tort feasors is dependent upon the party seeking it being blameless, and only a wrongdoer by relation. Railway v. Railway, 83 Texas, 509; City of Denison v. Sanford, 2 Texas Civ. App., 660; Railway v. Railway, 97 Ky., 135; Cool. on Torts, 166-167; 3 Lawson's Rights, Rem. and Prac., sec. 1645.

There is no contribution between railways for injury inflicted as a. result of the negligence of the servants of each. Railway v. Railway, 83 Texas, 509; Railway v. Vance, 41 S. W. Rep., 171; Railway v. Rail-way, 97 Ky., 135, 30 S. W. Rep., 408.

DENMAN, ASSOCIATE JUSTICE.—H. B. Enos sued the Missouri,. Kansas & Texas Railway Company of Texas and the Ft. Worth & New Orleans Railway Company to recover damages for personal injuries to his wife suffered in a collision of trains of defendants, charged to have resulted from the negligence of each and from the gross negligence of the servants and employes of the latter company, on whose train his wife was a passenger. Plaintiff recovered verdict and judgment, joint in form, against both of the defendants, for $4000 actual damages and costs of suit, and also recovered verdict and judgment for $1000 ex-emplary damages against the latter company. The defendants, having answered separately, filed separate appeal bonds and separate assignments of error. The Court of Civil Appeals sustained some of the errors of law assigned by the Ft. Worth & New Orleans Railway Company, but did not sustain any of the errors assigned by the Missouri, Kansas & Texas Railway Company of Texas, and thereupon reversed and remanded the cause as to the Ft. Worth & New Orleans Railway Company and affirmed the judgment as to the Missouri, Kansas and Texas Railway Company of Texas. From this judgment of affirmance the Missouri, Kansas & Texas Railway Company of Texas has brought the cause to this court upon a writ of error.

Being of opinion that the Court of Civil Appeals correctly disposed of the only assignment of error made by this company in that court, we do not deem it necessary to discuss the question.

The Missouri, Kansas & Texas Railway Company of Texas urges here that the Court of Civil Appeals erred in affirming the judgment against

it after reversing and remanding as to its codefendant, the verdict and judgment for actual damages being joint in form.

In Hamilton v. Prescott, 73 Texas, 565, this court, speaking through its present Chief Justice, said: "We think the conclusion to be deduced from these apparently conflicting cases is, that this court, when it finds error in the proceedings of the lower court as to any party to the judgment and not as to another, and that a proper decision of the case as to one is not dependent upon the judgment as to the other, will reverse in part and affirm in part. But where the rights of one party are dependent in any manner upon those of another, it will treat the judgment as an entirety, and where a reversal is required as to one, it will reverse the judgment as a whole. * * * That a judgment against two or more parties which is appealed from by one may be reversed as to the one and affirmed as to the others, or may be reversed as a whole, according to the manifest justice of the case, we think the cases cited sufficiently show." Under the rule thus stated, we think it is within the discretion of the Court of Civil Appeals in a proper case to affirm in part and reverse in part. Miller v. Sullivan, 89 Texas, 480; Boone v. Hulsey, 71 Texas, 176; Giddings v. Baker, 80 Texas, 308; Schuster v. Bauman Jewelry Co., 79 Texas, 179. Upon an examination of the whole record we do not think plaintiff in error has shown an abuse of that discretion. The Court of Civil Appeals have simply severed the causes of action by affirming as to one and reversing as to the other of two joint tort feasors who might have been sued separately. If, under the facts, plaintiff in error be entitled to contribution, as contended, against its former codefendant, it made no such claim in its pleadings, and the action of the Court of Civil Appeals will not preclude it from suing therefor.

We are of opinion that upon reversing as to the Ft. Worth & New Orleans Railway Company, thereby severing the causes, the Missouri, Kansas & Texas Railway Company of Texas should have been relieved of that part of the judgment below for costs incurred in prosecuting the suit against the former company, and its assignment questioning the action of the Court of Civil Appeals in refusing to do so on its motion for rehearing will be sustained, and the trial court will be ordered on return of the mandate to not tax such costs against plaintiff in error. Miller v. Sullivan, 89 Texas, 480. In other respects the judgment of the Court of Civil Appeals will be affirmed.

*Affirmed except as to costs.*