## LANCASTER et al. v. TUDOR et al.
### (No. 1123.)

(Court of Civil Appeals of Texas. El Paso. May 27, 1920. Rehearing Denied June 17, 1920.)

**1. Trial ⬅️251(3)—Instruction in action for damage to cattle erroneous as not confining issues to negligence charged.**

In action against receivers and railroads for damage to a shipment of cattle, charge not requesting finding as to whether either receiver was guilty of the acts charged, and whether such acts were negligence and the proximate cause of the injuries complained of, *held* erroneous, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, as too broad, as permitting the jury to consider elements of negligence not pleaded by plaintiff, and as not confining issues to specific negligence charged.

**2. Carriers ⬅️229(2)—Shipper's damages difference between value of cattle as they should have been and as they were delivered.**

In action against railroads for damage to shipment of cattle measure of damages is difference between market value of cattle at time and place of delivery as actually delivered and their market value as they would have been without injury.

**3. Carriers ⬅️228(3)—Proof·of intrinsic value of cattle at destination admissible in absence of market value.**

In action against railroads for damage to shipment of cattle, if the proof showed no market value at destination, proof of intrinsic value at the time and place was admissible for use in establishing damages.

**4. Carriers ⬅️230(1) — Whether no market value for cattle at place of delivery a jury question.**

In action against railroads for damages to shipment of cattle, where the evidence leaves it doubtful whether there was no market value at the place of delivery, the·question becomes one for the jury.

**5. Trial ⬅️338—Separate verdict against each defendant intelligible.**

In action for damages to shipment of cattle against receivers of one railroad and against another road, the fact that the jury wrote a separate verdict as to each defendant did not render it unintelligible.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by C. W. Tudor against J. L. Lancaster and Pearl Wight, receivers of the Texas & Pacific Railway Company, and against the Rio Grande, El Paso & Santa Fé Railway Company. From a judgment against them,

and in favor of the other defendants, defendant receivers appeal. Reversed and remanded as to defendant Wight, receiver of the Texas & Pacific Railway Company; affirmed as to the Rio Grande, El Paso & Santa Fé Railway Company and defendant Lancaster.

Jno. B. Howard, of Pecos, for appellants.

Ben Randals and Palmer & Russell, all of Pecos, and Ellis Douthit, of Sweetwater, for appellee.

HARPER, C. J. C. W. Tudor brought this suit against J. L. Lancaster and Pearl Wight, as the receivers of the Texas & Pacific Railway Company, and the Rio Grande, El Paso & Santa Fé Railway Company, for damages to 615 head of cattle shipped from Pecos, Tex., to La Tuna, Tex.

The grounds of negligence urged are that: First. By virtue of his contract and the promise of the agent of the receivers to have cars ready, the cattle were placed in the pens of the railway company at Pecos on October 21, 1917. That no cars were furnished, and cattle not shipped until October 28, 1917. That by reason of the cattle being range cattle, and being compelled to remain in the pens during said time, they lost strength, etc., and were thereby deteriorated in value. Second. That he was compelled to buy feed for them and to hire help, for which he incurred expenses. Third. That the cars were not properly bedded, which caused the cattle to fall down and be trampled upon, etc. Fourth. That after the cattle arrived at El Paso the defendants permitted them to remain upon the side track for 24 hours without unloading or feeding, etc. That by said acts of negligence some of the cattle were caused to die and others were injured, etc.

The receivers of the Texas & Pacific Railway Company answered by general and special exceptions, general denial, and specially that the cattle were received under a contract which limited its liability for damages to acts occurring upon its own line, and that a separate contract was made with the Rio Grande & Santa Fé Railway Company for transportation from El Paso to La Tuna; that all injuries to the cattle were caused by them being thin and weak and not by any act of defendant; that the cars ·were furnished within a reasonable time after legal demand for them was made, etc. The answer of the El Paso, Rio Grande & Santa Fé Railway Company is substantially the same.

Tried with a jury, submitted upon general charge, and upon the verdict for plaintiff against the receivers for $1,750, and for the other defendants, judgment was entered for plaintiff against the receivers for said sum, and for the other defendants that plaintiff take nothing as to them, from which the receivers only have appealed. The appellant

assigns error upon the charge of the court that it is too broad, and permits the jury to consider elements of negligence arising during the trial not pleaded by plaintiff, and that it fails to confine the issues to the specific acts of negligence charged by plaintiff.

The charge complained of reads as follows:

"Gentlemen of the Jury: The plaintiff, C. W. Tudor, seeks to recover damages from the defendants Pearl Wight and J. L. Lancaster, as receivers of the Texas & Pacific Railway Company, and against the defendant Rio Grande, El Paso & Santa Fé Railway Company, alleged to have accrued to a shipment of cattle shipped by plaintiff over defendants lines of railroad from Pecos, Tex., to La Tuna, Tex. The defendant Pearl Wight has answered, admitting that he handled the shipment of cattle in question as receiver of said Texas & Pacific Railway Company; the defendant J. L. Lancaster has filed no answer; and, there being no evidence showing that said Lancaster handled said cattle as receiver, you will therefore return a verdict in favor of said J. L. Lancaster. The defendants plead a contract limiting their liability to such injuries, if any, as accrued to said cattle while in charge of the respective defendants; they also allege that such damages as accrued to plaintiff, if any, so accrued by reason of the poor and weak condition of said cattle, and by reason of their wild and vicious natures.

"(1) You are charged that it was the duty of the defendants and Pearl Wight, receivers of the Texas & Pacific Railway Company, to furnish cars for the transportation of said cattle upon such date, if any, as you may find that said receivers, through its agent, promised to furnish said cars, if any, and to promptly receive said cattle when tendered to it at such time and to transport the same with ordinary care to El Paso, and there to deliver the same to its codefendant, the Rio Grande, El Paso & Santa Fé Railway Company, and that it was the duty of the defendant the Rio Grande, El Paso & Santa Fé Railway Company to promptly receive said cattle when tendered to it at El Paso, Tex., and to transport the same to their final destination with ordinary care.

"(2) 'Ordinary care' is such care as a reasonably prudent person would have exercised under the same or similar circumstances, and a failure to exercise such care constitutes negligence.

"(3) If you find for the plaintiff, you will assess his damages at the difference, if any, between the intrinsic value at La Tuna, Tex., of the cattle in question, at the time and in the condition in which they should have arrived at their final destination, and their value at the time and in the condition in which they did arrive at their final destination, to which you may add the reasonable cost and expense of handling and caring for such cattle at Pecos, Tex., while waiting for cars, in the event you should find from the evidence that such cars were promised at an earlier date than they were furnished.

"(4) Neither of the defendants is liable for damages to plaintiff except such damages as you may find accrued by reason of the negligence of such defendant.

"(5) The defendants are not liable for damages that may have accrued to said cattle by reason of their poor and weakened condition, nor by reason of their inherent viciousness.

"(6) The burden of proof is upon the plaintiff to establish his right to recover by a preponderance of the testimony, and unless he had done so you will find for the defendants."

[1] The charge does not request a finding by the jury as to whether or not either of the defendants were guilty of the acts charged and whether such acts were negligence, and the proximate cause of the injuries complained of, in fact, does not affirmatively submit any definite issue in the case; for such reason it is subject to the criticisms urged.

Article 1971, R. S. Vernon's Sayles', provides:

The court "shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact only to the decision of the jury."

The charge in this case falls short of the requirements of this statute.

[2] The next assignment is that it was error to permit witness to testify to the intrinsic value of the cattle at the point of destination. The measure of plaintiff's damages in this case is the difference between their market value at the time and place of delivery in the condition they were in at the time of their delivery and their market value in the condition they would have been in without injury.

[3, 4] If the proof showed no market value, then proof of intrinsic value at the time and place, etc., was admissible; however, in this case there was one witness testified "that there was no market value that he was able to find," and another testified positively that there was a market value at the place, and there is no other evidence upon the issue. We think it doubtful whether the evidence is sufficient to prove that there was no market value at the place of delivery; in such cases it becomes a question for the jury to determine. Ara v. Rutland, 215 S. W. 445; G., H. & S. A. Ry. Co. v. Patterson, 173 S. W. 274.

In view of another trial we make no comment upon the assignment charging excessive verdict.

[5] That the jury wrote a separate verdict as to each defendant does not make it unintelligible, as charged by the fifth.

Reversed and remanded as to the appellant receiver of Texas & Pacific Railway Company, Pearl Wight, and affirmed as to the Rio Grande & Santa Fé Railway Company and J. L. Lancaster. Tudor has not appealed from the judgment in favor of the latter defendants, and appellant does not complain of the decree, and for the further reason that the evidence shows a separate and distinct cause of action against each of the railway com-

panies. Danner et al. v. Walker Smith Co., 154 S. W. 295; Miller v. Bank & Trust Co., 184 S. W. 614; Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Railway Co. v. Enos, 92 Tex. 577, 50 S. W. 928; Wimple v. Patterson, 117 S. W. 1034.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes