**MILLER v. L. WOLFF MFG. CO. OF TEXAS.**
**(No. 8367.)**

(Court of Civil Appeals of Texas. Dallas. Oct. 16, 1920. On Motion for Rehearing, Nov. 13, 1920.)

1. **Attachment** ⊚⟹47(2)—**Delay between execution and filing of affidavit and bond held not to authorize inference that facts had ceased to exist.**

Delay of 14 days intervening between execution of affidavit and bond for writs of attachment and garnishment, the ground of the attachment being that defendant was about to convert his property into money to place it beyond the reach of creditors, *held* not to authorize the inference that the facts stated in the affidavit, though necessarily somewhat transient, had ceased to exist when the affidavit and bond were filed.

2. **Sales** ⊚⟹340—**Purchaser of goods liable to seller.**

Where plaintiff, at defendant's special request, sold and delivered to him certain plumbing goods and materials of certain agreed values, and defendant, though the debt was due, and payment had often been demanded, wholly failed and refused to pay it, or any part, he was liable to plaintiff, suing on such account, and annexing an itemized statement to his petition.

3. **Account, action on** ⊚⟹13—**Statutory rule of evidence as to proof of accounts does not preclude verification of pleading.**

The provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, providing specific words for verification of open accounts, merely creates a rule of evidence to be applied solely to proving open accounts under certain given conditions, and does not preclude the verification of any pleading in suit on such an account.

4. **Account, action on** ⊚⟹10—**Open account held ·verified so as to be admissible.**

Account pleaded by plaintiff against defendant *held* an open account verified under Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, so as to be admissible in evidence.

5. **Attachment** ⊚⟹366—**Evidence insufficient to justify submission of issue of falsity of affidavit for attachment to jury.**

In an action on an account for plumbing goods sold, wherein defendant claimed damages for wrongful attachment, evidence *held* insufficient to justify submission to the jury of the issue whether the affidavit of plaintiff's agent for attachment, that defendant was about to dispose of his property to place it beyond the reach of creditors, was false; the undisputed evidence showing facts which rendered the affidavit unsupportable.

6. **Attachment** ⊚⟹366—**Defendant who proved levy wrongful entitled to finding on question of damage..**

Defendant, having without controversy discharged his burden to prove that plaintiff's attachment was wrongful, was entitled to finding on the question of how much, if any, damage he had sustained, a right precluded by an unsupported finding of the jury that there was no falsity in the affidavit for attachment, rendered on an issue which under the proofs should not have been submitted.

On Motion for Rehearing.

7. **Appeal and error** ⊚⟹1172(1)—**Reversal only as to ·disposition of reconventional demand proper.**

Under Rules of the Courts of Civil Appeals No. 62a (149 S. W. x), in suit on an open account for goods sold and delivered, wherein defendant reconvened for damages from wrongful attachment and garnishment, where there is no error inhering in the disposition of plaintiff's cause of action, but there is reversible error in the disposition of defendant's reconventional demand, the ·case will be affirmed as to plaintiff's recovery, and the judgment as to defendant's reconventional suit alone reversed and remanded.

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Dallas County; Marshall Thomas, Special Judge.

Suit by the L. Wolff Manufacturing Company of Texas against J. M. Miller. From a judgment for plaintiff, defendant appeals. Affirmed in part, and in part reversed and remanded.

Parks & Hall and Turney & Hurt, all of Dallas, for appellant.

Leake & Henry and W. L. Mathis, all of Dallas, for appellee.

HAMILTON, J. Appellee sued appellant to recover $1,485.31 alleged to be due upon account. Writs of attachment and of garnishment were sued out and levied at the instance of appellee.

It appears that appellee was engaged in the wholesale business of selling plumbing goods and supplies, and that appellant was conducting a retail business in the city of Dallas, selling and installing such wares and materials.

Appellant, subject to certain demurrers considered in this opinion, pleaded an offset and counterclaim against appellee for $2,300 alleged to have accrued by reason of appellee's refusing to perform the terms of a contract to sell appellant certain plumbing goods and fixtures at the prices prevailing at the date of the alleged contract, which was February, 1916, about a year and a half prior to the dates of the respective items of sale sued upon; prices having increased in this period.

Alleging that the attachment and garnishment proceedings were unauthorized, willful, malicious, and without probable cause, appellant by reconvention also sued for $1,000 actual damage and $20,000 exemplary damage.

The case was submitted to a jury on special issues, and upon the issues thus submitted findings adverse to appellant were made and judgment entered accordingly.

[1] Appellant by his first assignment of error assails the action of the court in refusing to sustain his motion to quash all writs of attachment and all writs of garnishment. The ground of quashal tendered by the motion was that the affidavit and bond made for these writs were dated 14 days previous to the date they were filed, and that the delay intervening between the date of their execution and of their filing was so long as to overcome any presumption that the conditions alleged in the affidavit still continued to exist at the time of filing.

The ground of attachment is that the defendant is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors. Such fact seems to us of such transitory nature as to justify the supposition that it would be accomplished within a very brief period of time, and hence we believe that the inference of its having ceased to exist would arise within a shorter space than would ordinarily be required to maintain such inference under other grounds of attachment, such as that of nonresidence in the state.

"In proceeding by attachment, the several incipient steps should be as nearly contemporaneous as they conveniently may be, so that suspicion be not thrown upon the fairness of plaintiff's case. * * * There should not be such delay as to afford a presumption that the facts, stated in the affidavit, had ceased to exist." Campbell v. Wilson, 6 Tex. 398.

But it is held that no invariable rule upon the subject can be laid down; and, however reluctant we may feel to do so, we hold, in the absence of specific precedent to the contrary, that the delay intervening between the making and filing of the bond and affidavit in this case does not authorize the inference that the facts stated in the affidavit had ceased to exist when they were filed.

[2] The trial court correctly overruled appellant's general demurrer, and the assignment of error complaining of this action is without merit. The plaintiff's allegations are as follows:

"That plaintiff, at the special instance and request of defendant, sold and delivered to defendant a large amount of goods, wares, and merchandise during the month of August, 1917, of the reasonable and agreed value of $909.41, during the month of October, 1917, aggregating $470.90 and during the month of December, 1917, aggregating $105.00, or a total of $1,485.-31; said goods, wares, and merchandise, being plumbing goods and materials, all of which is shown by itemized verified statement hereto attached, marked 'Exhibit A,' and made a part of this petition, the terms of which were cash in 30 days. That although said indebtedness is long since due and plaintiff has often demanded its payment of defendant, he has wholly failed and refused to pay the same or any part thereof, to plaintiff's damage in the sum of $1,485.31."

The account to which this pleading refers is attached and sets forth the dates of purchase, the items, and the prices in detail.

We also think the action of the court was correct in overruling appellant's special exceptions assailing the form in which the account was set out in the allegations and itemized exhibit.

[3, 4] Appellant assigns as error the action of the court in overruling his special exception to the petition, presenting the objection that the petition alleged an indebtedness due upon stated account, which could not legally be verified in terms of article 3712, Vernon's Sayles' Statutes, providing specific words of verification of open accounts so as thus to make a statutory rule rendering them admissible as prima facie evidence. Whether the account sued upon is an open account or a stated account is unimportant to sustaining the action of the

trial court in this respect. This provision of the statutes merely creates a rule of evidence to be applied solely to proving open accounts under certain given conditions. It does not preclude the verification of any pleading, and we know of no rule of law which inhibits or renders legally objectionable the verification of any kind of pleading. The record contains no bill of exceptions to the admission of the verified account in evidence, and its correctness is proved both by the evidence of appellant and appellee's agent Bell. However, we think the account as pleaded is an open account verified so as to be admissible in evidence. McCamant v. Batsell, 59 Tex. 368; Wroten Grain Co. v. Mineola Box Mfg. Co., 95 S. W. 744; Dwight v. Matthews, 94 Tex. 533, 62 S. W. 1053; 1 Corpus Juris, 601.

[5] Among the special issues submitted to the jury by the court was this:

"Was the affidavit of plaintiff's agent Bell for attachment, that defendant was about to dispose of his property for the purpose of placing it beyond the reach of his creditors, false?"

To this the jury answered, "No."

We have carefully read the entire statement of facts, and we find no evidence to support this answer or to justify the submission of such issue to the jury. All the proof seems to be in conflict with the finding. The undisputed evidence showing facts which rendered the affidavit insupportable, there was no issue to submit to the jury, because only disputed questions of fact are for the jury. The court should have instructed the jury that the attachments and garnishments were wrongfully sued out. Mr. Bell, the employé and agent of appellee, who made the affidavit for attachment, testified that D. J. Mahoney, plaintiff's manager at the time the suit was brought, talked to him about suing, and that the suit was brought at Mahoney's direction; that he supposed he made the affidavits at Mahoney's direction. He testified:

"I did have information at that time that Miller had disposed of some of his property. He had been transacting business a good many months, and he had been disposing of his material on hand, and we had not been getting any of the proceeds of his work nor of the money derived from his sales. I knew that he was open and transacting business there and in the course of his business he would take this material out and install it in any jobs that he had on hand, and the money that he would get from these jobs * * * he had not been paying us, and I assumed that he would not, as he had not in the past. * * * I was not familiar with Mr. Miller's business nor with the collection of his accounts. I knew generally what sort of business he was in and what he owed us, but as to who owed him money I did not know this. I did not know exactly what his assets consisted of."

He also testified that he could not specify any contracts on which appellant had collected and not turned the money over to appellee during seven months prior to bringing the suit; that he knew appellant owned land in Potter county and Tarrant county; that he thought appellant was disposing of a part of his stock on hand, installing it in some job, getting the proceeds out of the job and not paying appellee. He testified that he knew appellant owned two automobiles and was a single man, but that he did not know anything about the value of the automobiles. He talked with Miller numerous times about the debt, and in all the conversations Miller agreed to pay as soon as he could make necessary collections. Bell testified that—

"The number of times I talked with Mr. Miller about the collection of this account before this suit was filed were too numerous to give anywhere the exact number of times I did talk the matter over with him, but they were frequent. It was the standing order of business for several months. I know absolutely nothing about the proposition of Mr. Miller securing the debt before the suit was filed. He never made such a proposition to me. There is no reason why I preferred to have a lawsuit if he had been able to secure the account. I never thought of the proposition, because it was never presented to me."

The appellant testified that at the time the writs of attachment and garnishment were issued he owned two automobiles, a wagon, and two horses, his plumbing business, and real estate in Amarillo and Ft. Worth, and that numerous accounts were owing to him, aggregating $10,000. He stated the total value of the real estate to be $2,550, and also testified that his plumbing stock would invoice $6,000, and that he owed altogether $3,000, including appellee's account. He testified that he was not trying to dispose of his business when suit was filed and that he had sold none of his other property. All of this testimony is uncontradicted. The only evidence even tending to combat it is the testimony of Bell, which is insufficient to raise an issue in the evidence as to the falsity of the affidavits.

[6] The appellant having, without controversion, discharged the burden of proving that the attachment was wrongful, was entitled to a finding on the question of how much, if any, damage he had sustained, which of course was precluded by the unsupported finding embodied in the above-quoted answer of the jury to an issue which, under the proof, should not have been submitted.

The judgment is reversed, and cause remanded.

## On Motion for Rehearing.

[7] Appellee insists that, since this cause is reversed and remanded because of error in the proceedings relating exclusively to appellant's suit in reconvention, and since there appears to be no error in the judgment

for appellee on its suit for recovery upon the account, the judgment of this court reversing and remanding the case in its entirety ought to be reformed and the judgment of the lower court as to appellee's recovery affirmed; the judgment as to the reconvention suit of appellant alone being reversed and remanded.

This position seems to be in harmony with rule 62a of the Courts of Civil Appeals of Texas, and also with the court decisions. Rule 62a (149 S. W. x); Needham v. Cooney, 173 S. W. 979; Railway Co. v. Enos, 92 Tex. 577, 50 S. W. 928; Benjamin v. Railway Co., 49 Tex. Civ. App. 473, 108 S. W. 408.

Under rule 62a and the above-cited authorities, the propriety of affirming in part and reversing and remanding in part is not doubtful. But believing it probably more equitable to hold the entire case in abeyance until a correct determination of appellant's damage suit in reconvention could be made, we decided upon the original consideration of the case to reverse and remand as a whole. However, we are now persuaded to adopt the views expressed in appellee's motion for rehearing.

The case very clearly embodies two distinct and independent suits: That of appellee for recovery on open account; and that of appellant for damages arising from wrongful attachment and garnishment. The effect of our original opinion was that the first of these causes was correctly tried and that the error requiring us to reverse and remand inhered exclusively in the other. We conclude that it is in accord with the requirements of justice and the fixed practice to affirm the judgment as to appellee's recovery upon its account and to reverse and remand the judgment in its favor on appellant's suit against it in reconvention. We must presume this course will work no injustice to appellant. A full hearing of the issue of his indebtedness to appellee has been presented to the court and jury, and it has been determined by them in a manner free from substantial error. He ought not, therefore, to have an opportunity to contest the same ground again; but, having a right only to contend for damages occasioned by the attachment, that independent and separable feature alone should be tried again.

Accordingly, the motion for rehearing is sustained, and the judgment of this court will be reformed and judgment rendered affirming the judgment of the lower court awarding appellee judgment upon its account against appellant and reversing and remanding the cause for a new trial of appellant's reconvention for damages alleged to have resulted from the attachment and garnishment proceedings alone.

Affirmed in part, and reversed and remanded in part.