## FULWILER v. DANIEL.　(No. 58.)*

(Court of Civil Appeals of Texas. Eastland. Dec. 18, 1925. Rehearing Granted Jan. 22, 1926.)

1. **Sales** &⟲440(3)—**Exclusion of testimony as to defects in material and workmanship of car, as to cost of repairs, and value without defects, held error.**

In suit against indorser on note, transferred as purchase price of automobile, where defendant properly pleaded defects in painting and brakes of car, warranted to be free from defects, and jury found warranty, exclusion of testimony as to such defects, value of car in absence of defects, and cost of repairs, was error.

2. **Appeal and error** &⟲1073(7)—**On return of verdict in excess of amount claimed, judgment rendered for amount claimed, though error, is not grounds for reversal.**

Where jury returned special finding in excess of amount of counterclaim, the court could have ordered a corrected verdict, or set verdict aside and ordered new trial, but judgment for amount asked for, though error, is no grounds for reversal, since defendant cannot complain of a judgment for full amount asked for.

3. **Judgment** &⟲198—**On submission of case under special issues, judgment must be entered in accordance with answers thereto.**

When a case is submitted to a jury under special issues, the court has no option in the matter, but must enter judgment in accordance with answers given by jury to special issues.

### On Motion for Rehearing.

4. **Appeal and error** &⟲1172(3)—**Where errors relate only to cross-action, judgment for plaintiff affirmed, and judgment on cross-action reversed and remanded.**

Where errors relate exclusively to defendant's cross-action, a judgment allowing plain-

tiff's recovery should be affirmed, and judgment as to cross-action alone reversed and remanded.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by G. P. Daniel against C. H. Fulwiler and another, in which the defendant named filed cross-complaint. From the judgment, the defendant named appeals. Affirmed in part, and reversed and remanded in part on rehearing.

Benson & Dean and Hawkins, Hawkins & David, all of Breckenridge, for appellant.

Goggans & Allison, of Breckenridge, and Sayles & Sayles, of Eastland, for appellee.

LITTLER, J. C. H. Fulwiler, appellant, and W. P. Mahaffey, the defendants in this suit, were partners in the practice of law for several years prior to July 1, 1923. That on or about said date the partnership was dissolved and defendant Mahaffey, in settlement of the partnership affairs, gave his note to C. H. Fulwiler, appellant herein, for the sum of $587.75, due on January 1, 1924, payable at the Texas Guaranty Bank of Breckenridge, Tex., with interest at the rate of 10 per cent. per annum, and providing for attorney's fees if placed in the hands of an attorney for collection.

On or about the ———— day of ————, 1923, appellant herein purchased a Hudson automobile from G. P. Daniel, appellee herein, giving in part payment for same the said note, indorsing same on the back thereof in blank.

That on or about the 24th day of July, A. D. 1924, appellee filed suit in the district court of Stephens county against W. P. Mahaffey, as principal, and C. H. Fulwiler, as indorser, seeking the collection of said note. On August 30, 1924, defendant Fulwiler filed his answer consisting of a general demurrer and general denial.

On October 16, 1924, plaintiff filed his first amended petition, alleging that said note was accepted by plaintiff for the accommodation of the defendant Fulwiler; that Mahaffey did not have any funds at said bank at any time with which to pay said note; that said Fulwiler did not expect said note to be paid if presented; that said Fulwiler, at the time of the acceptance of said note by plaintiff, by his words and conduct expressly and impliedly waived the presentment of said note to said bank for payment; that said Fulwiler at said time expressly promised plaintiff to pay the said note unless the same was paid by Mahaffey, and since the maturity of said note has promised to pay the same, and instructed plaintiff as to the manner in which to proceed in the collection thereof.

On November 24, 1924, defendant Fulwiler, filed his answer to plaintiff's amended petition; said answer consisting of general demurrer, general denial, plea of abatement,

and, among many other defenses, pleads the following:

"Defendant says that the paint of said automobile was defective, and that, within less than 90 days after the purchase of same by defendant, said automobile was returned to plaintiff, and said defects pointed out, and that this plaintiff agreed that said car was defective in said particular and agreed to repaint the same in a good and workmanlike manner, or to pay defendant the cost thereof; that, although demand has been made of plaintiff to comply with said warranty and agreement to repaint the said car in good and workmanlike manner, or to reimburse the defendant for damage thereof, plaintiff has failed and refused and refuses so to do, to defendant's damages in the sum of $125. (b) Defendant further says that said automobile is further defective in workmanship and material, in that the brakes to said car would not work as intended and designed, and that the brakes would not hold the car as intended, and that the braking apparatus is wholly defective, and will not perform the work and service for which they were intended, and in the manner reasonable intended and contemplated; that defendant called plaintiff's attention to said defect within less than 90 days after the purchase thereof, and that the plaintiff failed and refused to repair said brakes, or place the same in a good workmanlike manner, to the defendant's damage in the further sum of $150.

"Defendant says that all of the defects above pointed out were developed and appeared in said car within less than 90 days after the purchase thereof, and was returned to the plaintiff for repairs on said particulars within less than 90 days after the purchase thereof; and defendant further especially says that plaintiff did, at said time, specifically agree to repair the same in said particulars, but did thereafter fail and refuse so to do, and has ever since failed and refused so to do, necessitating that defendant have same repaired elsewhere, to defendant's damages in the sum of $250, for which he asks judgment of plaintiff."

The case was tried before a jury upon 10 special issues; however, for the purpose of this opinion, it will only be necessary to quote Nos. 9 and 10, which are as follows:

Ninth special issue: "Did the plaintiff, G. P. Daniel, personally warrant said automobile to defendant C. H. Fulwiler, to be free from defects in material and workmanship? Answer 'yes' or 'no.' Answer: 'Yes.'"

Tenth special issue: "If you have answered the foregoing question 'yes,' then answer how much, if any, was said defendant C. H. Fulwiler damaged by reason of any defects in the painting of said car. Answer in dollars and cents. Answer: '$200.'"

Appellant in his motion for new trial alleges 50 assignments of error; however, it will only be necessary for us to notice his bills of exception No. 18 and 45, as the question raised in the other assignments will probably not arise upon another trial. Bill of exception No. 18 reads as follows:

"Be it remembered that, on the trial of the above numbered and entitled cause, the following proceedings were had: While the defendant C. H. Fulwiler was a witness, he offered to testify, in substance, as follows: 'That he had spent about $100 in repairing the brakes on said car; that said expenditure was necessary in order to put the said brakes in serviceable condition, and that said amount was a reasonable charge for the repairs necessary in order to make the brakes serviceable and in condition to give reasonable service such as is usual on automobiles and in order to repair and overcome the defects in the material and workmanship on said brakes existing at the time he purchased said car; that the said brakes would not operate efficiently or were not serviceable at the time the car was delivered said defendant by plaintiff, and that said expenditure was a reasonable and necessary expenditure in order to repair the same so that they would give reasonable service;' and also offered to testify, 'that the automobile at the time of its delivery to defendant by plaintiff was worth $100 less than it would have been worth had said brakes not been defective, and that the difference in the value of same was said amount by reason thereof,' to all of which evidence plaintiff objected on the ground that there was no pleading to support the same, which objection was sustained, and the defendant was not permitted to offer any part of said evidence; that said witness would have testified as above mentioned in answer to pertinent questions propounded to elicit same, but the court would not permit him to so do; that the said defendant excepted to the action of the court on the grounds that same constituted a part of his damages as fully set out in his cross-action, by reason of the warranty on said automobile."

[1] That defendant having properly pleaded defects in the painting and brakes of the car, and also properly pleaded that plaintiff had warranted said car to be free from defects in material and workmanship, we conclude that the court erred in not permitting defendant to testify as to defects in material and workmanship of the brakes on said car and as to the value if the brakes had not been defective, and also to the expenses of defendant in having brakes repaired, and especially is this true when the jury found in its answer to special issue No. 9 as follows:

"Did the plaintiff, G. P. Daniel, personally warrant said automobile to defendant C. H. Fulwiler to be free from defects in material and workmanship? Answer 'yes' or 'no.' Answer: 'yes.'"

Special exception No. 45 reads as follows:

"Because the judgment of the court does not conform to the verdict of the jury, the jury's verdict being for $587.75, and also because it allows this defendant $75 less than found for him by the verdict of the jury on his cross-action, and because said judgment is in excess of the principal, interest, and attorney fees allowable on said note."

[2] Defendant in his cross-action, having asked damages for $125 on account of defective painting on car, the jury in answer

to special issue No. 10 awarded damages in amount of $200.

Upon the answers of the jury the court granted judgment in favor of plaintiff for the sum of $613.11, and gave C. H. Fulwiler judgment over and against W. P. Mahaffey for the sum of $613.11, and also for the further sum of $125.

From said judgment it is apparent that the court did not give judgment to appellant for the further sum of $200, as found by the jury as damages for the defective painting, but only gave judgment for the sum of $125, being the amount pleaded in defendant's answer.

[3] When a case is submitted to a jury under special issues, the court has no option in the matter, but must enter judgment in accordance with the answers given by the jury to the special issues. Massie v. Hutcheson et al. (Tex. Com. App.) 270 S. W. 544, and authorities cited thereunder, as follows:

"If jury's answer to material issue is received by court, then under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, it is without discretion, except to set aside finding and to grant new trial, or to render judgment on and in conformity to finding, even though it concludes that testimony on which answer to issue was based was improperly admitted, and there was no evidence to uphold finding."

The defendant having only asked for $125 damages on account of defective painting, and the jury bringing in a verdict for $200 damages, there were only two courses left for the court to pursue: It could have ordered the jury to return to their room to correct their verdict; but, failing to do this, it could only render judgment as indicated by the answers of the jury, and then it would have been the duty in this case to have set the verdict aside ordering a new trial.

For the errors complained of on account of not permitting defendant to testify, as set out in bill of exception No. 18, and not granting a new trial on account of the answers of the jury to the effect that defendant was damaged in the sum of $200 for defective painting, the case must be reversed and remanded.

All assignments in regard to the issues of notice and presentment are overruled.

Reversed and remanded.

### On Motion for Rehearing.

[4] Appellee insists that, since this cause is reversed and remanded because of error in the proceedings relating exclusively to appellant's cross-action, and since there appears to be no error in the judgment for appellee on his suit for recovery upon the note in question, the judgment of this court reversing and remanding the case in its entirety ought to be reformed and the judgment of the lower court as to appellee's recovery affirmed; the judgment as to the cross-action of appellant alone being reversed and remanded. This position seems to be in harmony with rule 62a of the Court of Civil Appeals, and also with the decision in the case of Miller v. Wolff Mfg. Co. (Tex. Civ. App.) 225 S. W. 212, and cases cited thereunder. In that case the court says:

"Under rule 62a and the above-cited authorities, the propriety of affirming in part and reversing and remanding in part is not doubtful. But, believing it probably more equitable to hold the entire case in abeyance until a correct determination of appellant's damage suit in reconvention could be made, we decided upon the original consideration of the case to reverse and remand as a whole; however, we are now persuaded to adopt the views expressed in appellee's motion for rehearing."

Appellant's assignment of error on account of the court only rendering judgment for $125 on account of defective painting after the jury had rendered a verdict for $200 is well taken; however, we do not believe that the cause should be reversed on account of said error, as appellant only sued for $125 damage on account of defective paint, and, the court having given him the full amount sued for, he cannot now complain of said judgment.

Accordingly the motion for rehearing is sustained, and the judgment of this court will be reformed, and judgment rendered affirming the judgment of the lower court awarding appellee judgment upon its note against the appellant, and also affirming the judgment of the lower court allowing appellant $125 on account of the defect in painting of said car and reversing and remanding the cause for a new trial of appellant's cross-action for damages, alleged to have resulted from the defective brakes on car purchased from appellee. The cost of this appeal will be taxed equally between appellant and appellee.

Affirmed in part, and reversed and remanded in part.